JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DONALD EVES, individually and on behalf of a class of similarly situated persons

**(b)** County of Residence of First Listed Plaintiff   Manatee, FL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James C. Haggerty,Esquire  HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH, P.C., 1801 Market Street, Suite 1100, Philadelphia, PA 19103, (267) 350-6600

## DEFENDANTS

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

County of Residence of First Listed Defendant   McLean, IL
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Katherine Cole Douglas, Esquire,  BENNETT, BRICKLIN & SALTZBURG  LLC, 1500 Market Street, Centre Square West Tower, Suite 3200, Philadelphia, PA 19102, (215)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332(d)(2)
Brief description of cause:
Proposed class action seeking declaratory and injunctive relief in addition to compensatory damages for alleged breach of contract

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 10/11/2022 | */s/ Katherine Cole Douglas* |

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## <u>CIVIL COURT COVER SHEET ATTACHMENT</u>

**1 (c )** **Counsel for Plaintiff:**

James C. Haggerty, Esquire
HAGGERTY GOLDBERG SCHLEIFER & KUPERSMITH, P.C.
1801 Market Street, Suite 1100
Philadelphia, PA 19103
(267) 350-6600

Jonathan Shub, Esquire
SHUB LAW FIRM
134 Kings Highway E. 2nd Floor
Haddonfield, NJ 08033
(856) 772-7200

Scott Cooper, Esq.
SCHMIDT KRAMER P.C.
209 State Street
Harrisburg, PA 17101
(717) 232-6600

John P. Goodrich, Esquire
JACK GOODRICH & ASSOCIATES
429 Fourth Avenue
Pittsburgh, PA 15219
(412) 261-4663

**Counsel for Defendant:**

Katherine Cole Douglas, Esquire
BENNETT, BRICKLIN & SALTZBURG LLC
1500 Market Street
Centre Square West Tower, Suite 3200
Philadelphia, PA 19102
(215) 665-3364

Joseph A. Cancila, Jr., Esquire
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison Street, Suite 2900
Chicago, IL 60602
(312) 471-8700

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___ 5403 First Avenue, West Bradenton, FL 34209 ___

Address of Defendant: ___ One State Farm Plaza, Bloomington, IL 61710 ___

Place of Accident, Incident or Transaction: ___ automobile insurance policy issued in Pennsylvania ___

---

*RELATED CASE, IF ANY:*

Case Number: 2:21-cv-04129    Judge: Goldberg    Date Terminated: 07/29/2022

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☑ | No ☐ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☒ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/11/2022          */s/ Katherine Cole Douglas*          58913
                    *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.    Federal Question Cases:*

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Patent
☐ 6.  Labor-Management Relations
☐ 7.  Civil Rights
☐ 8.  Habeas Corpus
☐ 9.  Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
      *(Please specify): _____*

*B.    Diversity Jurisdiction Cases:*

☑ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify): _____*
☐ 7.  Products Liability
☐ 8.  Products Liability – Asbestos
☐ 9.  All other Diversity Cases
      *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Katherine Cole Douglas , counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 10/11/2022          */s/ Katherine Cole Douglas*          58913
                    *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONALD EVES, individually and on behalf of a class of similarly situated persons | : : : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | JURY TRIAL OF 12 DEMANDED |
| | : | |
| vs. | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | : : | |
| | : | |
| Defendant. | : | |

## NOTICE OF REMOVAL

Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), by its undersigned attorneys, hereby gives notice of the removal of this action from the Court of Common Pleas, Philadelphia County, Pennsylvania, to this District Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Publ. L. 109-2, 199 Stat. 4, codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453, and pursuant to 28 U.S.C. §§ 1441 and 1446.

### Plaintiff's State Court Filing

1.     On September 14, 2022, Plaintiff Donald Eves ("Plaintiff") commenced this action by filing a complaint asserting individual and proposed class claims against State Farm in the Court of Common Pleas of Philadelphia County, Pennsylvania ("Complaint"), which complaint was served on State Farm by certified mail on September 19, 2022.  (*See* Compl., attached as Exhibit 1.)

2.     The Complaint alleges Plaintiff is eligible to and entitled to recover the $15,000.00 coverage limits under the uninsured motorist ("UM") coverage of his wife's State Farm Policy in

connection with injuries he sustained in a July 27, 2020 collision with an uninsured driver while he was operating his Honda motorcycle.  (*Id*. ¶¶15, 66, 94.)  Plaintiff's motorcycle was insured by Progressive, not State Farm, and the Progressive policy did not include uninsured motorist coverage. (*Id*., Exh. B thereto) Nevertheless, Plaintiff claims State Farm breached its policies and the contract to provide insurance by disclaiming his claim and failing to pay him any UM benefits. (*Id*. ¶¶52-76, 78-97.)[1]

3.     Specifically, the Complaint alleges that State Farm "wrongfully and willfully failed to make payment of uninsured motorist benefits" to Plaintiff "in breach of the policy provisions and in violation of the [Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL")] and public policy" under the following household exclusion: "There is no coverage for an insured who sustained bodily injury while occupying a motor vehicle owned by that insured if the vehicle is not insured for uninsured motor vehicle coverage under this policy or any other policy." (*Id*. ¶¶63, 69, 91, 97.)  State Farm denies these allegations.

4.     Based largely on the foregoing allegations, Plaintiff asserts claims against State Farm for: (a) declaratory relief, seeking a declaration that the referenced household exclusion is void and unenforceable, and that Plaintiff can fully recover the uninsured motorist benefits under his wife's State Farm Policy (Counts I & III) (*Id*. ¶¶51-76, 98-115 & "Wherefore" paragraphs); and (b) compensatory relief to Plaintiff of $15,000 in UM benefits and to each putative class

---

[1] Judge Mitchell Goldberg very recently dismissed an alleged class action with a nearly identical fact pattern, which was asserted by the same plaintiff's counsel. *See Stanton v. State Farm Mutual Automobile Insurance Company*, No. 2:21-cv-4129 (Dkt. 24)(July 29, 2022).  *Stanton* is now on appeal to the United State Court of Appeals for the Third Circuit. State Farm indicated on the Designation Form in the instant case that this matter and *Stanton* are related because the asserted classes in the two cases overlap and because the same policy household exclusion is challenged in both matters.

member in an amount that compensates them for their injuries sustained. (Counts II & IV) (*Id.*
¶¶77-97, 116-128 & "Wherefore" paragraphs).

5.      Plaintiff asserts his alleged individual claims in Counts I and II, and then purports
to assert the same claims on behalf of a class in Counts III and IV.  (Compl. ¶¶51-76, 77-97, 98-
115, 116-128.)  Plaintiff's asserted class (the "Class"), which is unlimited in time, is defined as
follows:

> [P]ersons: (a) who sustained injury in a motor vehicle accident while occupying or
> operating a household vehicle; (b) who were named insured or the insured under a
> policy providing uninsured and/or underinsured motorist coverage under a policy
> in accordance with the MVFRL for another vehicle in the household; (c) who made
> claim under that other household policy for recovery of uninsured and/or
> underinsured motorist benefits; and (d) whose claim for recovery of uninsured
> and/or underinsured motorist benefits was denied on the basis of the uninsured
> vehicle household exclusion.

(*Id.* ¶25.)  Plaintiff limits the proposed class to residents of Pennsylvania. (*Id.* ¶27.)

### Bases for Removal

6.      As set forth more fully below, this removal is proper both procedurally and in
substance.  The removal is timely and is properly venued.  In addition, removal is proper because
this action satisfies the CAFA requirements of minimal diversity, asserted class size, and aggregate
amount in controversy for the asserted Class.

**I.      The Procedural Requirements for Removal are Satisfied.**

7.      State Farm's removal of the instant action to this Court is timely.  State Farm was
served with the Complaint on September 19, 2022, by certified mail.  (*See* Ex. 1.)  This Notice of
Removal has been filed within 30 days thereafter, and it accordingly is timely.  *See* 28 U.S.C. §
1446(b)(1).

8.      Venue is proper in this Court because the Court of Common Pleas, Philadelphia
County is located in the Eastern District of Pennsylvania.  *See* 28 U.S.C. § 1441(a) (a state-filed

action subject to federal jurisdiction may be removed "to the district and division embracing the place where such action is pending").

9.     Consistent with the requirements of 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders contained within the state court file (attached as Exhibit 2) and a printout of the state court's docket (attached as Exhibit 3) are attached and filed herewith.

10.     As 28 U.S.C. § 1446(d) requires, a copy of this Notice of Removal is being served upon Plaintiff's counsel, and a copy is being filed with the Prothonotary of the Court of Common Pleas, Philadelphia County.

## II.     The Substantive Requirements for CAFA Removal are Satisfied.

11.     Under CAFA, this Court has diversity jurisdiction over any asserted class action that: (1) includes at least one class member who is a citizen of a state different from any defendant; (2) would have at least 100 putative class members; and (3) involves an aggregate amount in controversy of $5,000,000 or more. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(b), (6).  Each requirement is satisfied here.

### A.     There is Minimal Diversity.

12.     Plaintiff alleges he is a citizen and resident of Pennsylvania who resides in Florida.[2] (Compl. ¶1.)  Despite the inconsistencies, for this Notice of Removal only, State Farm presumes for purposes of this Notice that Plaintiff is a citizen of Pennsylvania as he alleges.  *See Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3rd Cir. 2008) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United

---

[2] Despite stating that he is  a "citizen and resident of the Commonwealth of Pennsylvania," Plaintiff *also* states that he resides at a specific address in the State of Florida.  *See* Compl. ¶1.  Furthermore, the accident complained of occurred in the State of Florida based on the Complaint.  *See* Compl. ¶86(c), (j).

States and be domiciled within the State."); *Krasno v. Dinan*, 465 F.2d 1298, 1300 (3rd Cir. 1972) ("mere residence in a state is insufficient for purposes of domicile.").

13.     State Farm is a mutual insurance company organized under the laws of Illinois, and it maintains its principal place of business in Illinois.  State Farm is therefore a citizen of Illinois for purposes of federal jurisdiction.  28 U.S.C. § 1332(c)(1); *see also State Farm Mut. Auto. Ins. Co. v. Armstrong*, 949 F.2d 99, 100 (3d Cir. 1991) (finding that State Farm Mutual Automobile Insurance Company is an insurance company incorporated in Illinois); *Schlegel v. State Farm Mut. Auto. Ins. Co*., No. 3:11-CV-2190, 2012 WL 441185, at *3 (M.D. Pa. Feb. 10, 2012) ("State Farm is, therefore, a citizen solely of the State of Illinois.").

14.     Thus, regardless of whether Eves is a citizen of Pennsylvania or Florida, CAFA's minimal diversity requirements are met, since State Farm is a citizen of Illinois.  The Complaint allegations easily satisfy CAFA's minimal diversity requirement under 28 U.S.C. § 1332(d)(2)(A).

**B.     The Asserted Class Size Requirement is Satisfied.**

15.     As previously noted, Plaintiff seeks to represent a putative Class, unlimited in time, and defined as follows:

> [P]ersons: (a) who sustained injury in a motor vehicle accident while occupying or operating a household vehicle; (b) who were named insured or the insured under a policy providing uninsured and/or underinsured motorist coverage under a policy in accordance with the MVFRL for another vehicle in the household; (c) who made claim under that other household policy for recovery of uninsured and/or underinsured motorist benefits; and (d) whose claim for recovery of uninsured and/or underinsured motorist benefits was denied on the basis of the uninsured vehicle household exclusion.

(Compl. ¶25.)   Plaintiff limits the proposed class to "residents of the Commonwealth of Pennsylvania" and alleges that the members of this putative Class "are so numerous that joinder is impracticable."  (*Id.* ¶¶ 27-28.)  State Farm is entitled to rely on that judicial admission as to size for purposes of satisfying the minimum 100-putative class member requirement of the CAFA for

removal.  *See, e.g.*, *Judon v. Travelers Prop. Cas. Co. of America*, 773 F. 3d 495, 505 (3rd Cir.
2014) (holding in pre-*Dart Cherokee* case that defendant satisfied CAFA numerosity requirement
based on plaintiff's allegation of class size).

16.     In addition, State Farm's records confirm that the class Plaintiff seeks to represent
includes more than 100 members.  Although it is not possible for State Farm to identify claims for
recovery of UM or UIM benefits that were denied "on the basis of the household exclusion,"
(Compl. ¶23), absent a manual, file-by-file review, State Farm is able through a search of its
electronic claim records to identify motor vehicle accident claims involving Pennsylvania State
Farm insureds who (a) made claims for UM and/or UIM benefits (b) that were closed without
payment.  Looking just at Pennsylvania UM and/or UIM claims that occurred just during a single
year (2020) of the proposed class period (unlimited in time), more than 500 insured individuals
made claims under policies with UM and/or UIM coverage that were closed without payment.
Even if only 20% of those claims for the single year (2020) were closed without payment (*i.e.* not
paid) on account of the household exclusion, the minimum class size requirement of CAFA – 100
class members – would be met.

      **C.**     **This Action Places More than $5,000,000 in Controversy.**

17.     A notice of removal, like a complaint, need only contain "a short and plain
statement of the grounds for removal."  28 U.S.C. § 1446(a).  As the Supreme Court has explained,
"[c]ongress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a),
intended to 'simplify the 'pleading' requirements for removal' and to clarify that courts should
'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading."
*Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting H.R. Rep.
No. 100–889, p. 71 (1988)).  In keeping with this approach, "a defendant's notice of removal need

include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.

18.     State Farm certainly disputes that Plaintiff has stated any viable claims, or that any damages whatsoever are owed to Plaintiff or the asserted Class.  In particular, State Farm denies that the household exclusion that Plaintiff challenges is in any way void or unenforceable.  But what matters to the jurisdictional inquiry is the amount the Class conceivably could recover assuming Plaintiff succeeded in this suit.  *See Frederico v. Home Depot*, 507 F.3d 188, 197-99 (3rd Cir. 2007) (concluding that it did not appear to a legal certainty that plaintiff could not recover the jurisdictional amount).  Where the complaint is silent or ambiguous as to the amount in controversy, the court may look to the notice of removal, which "serves the same function as the complaint would if filed in district court."  *Id*.  Under this standard, Plaintiff's proposed class claims and pleas for class relief would place more than $5,000,000 in controversy.

19.     Plaintiff alleges that he is entitled to recover UM benefits under the policy issued to his wife by State Farm.  (Compl. ¶15).  Therefore, Plaintiff "demands judgment against [State Farm] for an amount up to the $15,000.00 limit of uninsured motorist coverage available under the State Farm Policy.  (*Id*. Count II, "Wherefore").

20.     The Complaint does not specify the aggregate damages of the proposed Class, but Plaintiff alleges that "[e]ach member of the class is entitled to recover uninsured and/or underinsured motorist benefits under the State Farm Policy under which claim has been made." (*Id*. at ¶105.)  Plaintiff also asserts that "[e]ach member of the class is entitled to compensatory uninsured and/or underinsured motorist benefits from State Farm." (*Id*. at ¶128.)

21.     State Farm's electronic claims records further demonstrate that the $5,000,000 CAFA threshold is easily met here.  As previously discussed, there were more than 500

Pennsylvania UM and/or UIM claims that occurred during a single year (2020) of the proposed class period, which is unlimited in time, with UM and/or UIM coverage that were closed without payment. The aggregate coverage limits available on those 500 plus claims exceeded $100,000,000 dollars. Even if only 5% of those aggregate limits were denied on the basis of the household exclusion, the $5,000,000 jurisdictional threshold would be satisfied.

22. In addition, Plaintiff's allegations can reasonably be understood as seeking at least $15,000 in compensatory damages on his individual claims, and he alleges that each member of the putative Class is entitled to recover similar damages. (*Id.* at ¶¶94, 127.) Thus, if the Class includes only 334 members who allege damages of $15,000, the amount in controversy would exceed CAFA's $5,000,000 threshold, without even considering the value of the declaratory relief sought in the Complaint.

23. In sum, considering the compensatory relief sought by Plaintiff and the Complaint allegations regarding the class size, it is clear that the amount in controversy in this action exceeds the minimum amount required for CAFA jurisdiction.

#### Conclusion

24. For all the foregoing reasons, State Farm has properly alleged all prerequisites for the Court to exercise CAFA jurisdiction over this action.

**WHEREFORE**, State Farm hereby removes this action from the Court of Common Pleas, Philadelphia County, Pennsylvania to this Court.

Dated:  October 11, 2022                    /s/*Katherine Douglas*
                                             Katherine Douglas
                                             Bennett, Bricklin, Saltzburg LLC
                                             1500 Market Street, 32nd Floor
                                             Philadelphia, PA 19102
                                             (215)665-3364
                                             douglas@bbs-law.com

Joseph A. Cancila, Jr.
Sondra A. Hemeryck
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison Street, Suite 2900
Chicago, IL 60602
(312) 471-8700
jcancila@rshc-law.com
shemeryck@rshc-law.com

Attorneys for Defendant
*State Farm Mutual Automobile Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2022 the counsel listed below were served with the foregoing document via U.S. mail and email:

James C. Haggerty, Esquire
Haggerty, Goldberg, Schleifer & Kupersmith, P.C.
1801 Market Street, Suite 1100
Philadelphia, PA 19103

Scott Cooper, Esq.
Schmidt Kramer P.C.
209 State Street
Harrisburg, PA 17101

Jonathan Shub, Esquire
Kevin Laukaitis, Esquire
Shub Law Firm
134 Kings Highway East, 2nd Floor
Haddonfield, NJ 08033

John P. Goodrich, Esquire
Jack Goodrich & Associates
429 Fourth Avenue
Pittsburgh, PA 15219

/s *Katherine Douglas*

# Exhibit 1

Filed and Attested by the
Office of Judicial Records
14 SEP 2022 10:15 am
E. HAURIN

Case ID: 220901170

HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH, P.C.
BY:  James C. Haggerty, Esquire
I.D. # 30003; 316918
1801 Market Street, Suite 1100
Philadelphia, PA  19103
(267) 350-6600

| | | |
|---|---|---|
| DONALD EVES, INDIVIDUALLY AND | : | COURT OF COMMON PLEAS |
| ON BEHALF OF A CLASS OF | : | OF PHILADELPHIA COUNTY, PA |
| SIMILARLY SITUATED PERSONS | : | |
| 5403 First Avenue West | : | |
| Bradenton, FL  34209 | : | |
| | : | |
| v. | : | _____ TERM, 2022 |
| | : | No. |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY | : | |
| One State Farm Plaza | : | |
| Bloomington, Illinois  61710 | : | |

## CLASS ACTION COMPLAINT

### Generally

1.      The plaintiff, Donald Eves, is an adult individual citizen and resident of the

Commonwealth of Pennsylvania, residing at 5403 First Avenue West, Bradenton, FL  34209.

2.      The defendant, State Farm Mutual Automobile Insurance Company ("State

Farm"), is an corporation organized and existing under the laws of the State of Illinois, with its

principal place of business in Bloomington, Illinois, being duly authorized and conducting

business in the Commonwealth of Pennsylvania.

3.      The defendant, State Farm, regularly and routinely conducts business in the City

and County of Philadelphia, Pennsylvania.

4.      The present action seeks declaratory relief and compensatory uninsured motorist

benefits from State Farm by Donald Eves, individually and on behalf of a class of similarly

situated persons.

1

Case ID: 220901170

**Accident**

5.      On July 27, 2020, Donald Eves was operating his Honda Motorcycle in a northly direction on 59th Street West approaching the intersection of 1st Avenue West in Manatee County, Florida when struck by a motor vehicle operated by Kersten Marie Pratt and owned by Terri Lynn Walker.

6.      At the time of the accident, Kersten Marie Pratt was operating her vehicle in a southbound direction on 59th Street West approaching the intersection of 1st Avenue West in Manatee County, Florida when she illegally made a left turn to travel onto 1st Avenue West directly into the path of the vehicle operated by Donald Eves.

7.      The vehicle operated by Kersten Marie Pratt violently collided with the motorcycle of Donald Eves, throwing him from the motorcycle and onto the roadway.

8.      Kersten Marie Pratt was charged with failing to yield the right of way to oncoming traffic.

9.      The collision was caused by the negligence and carelessness of Kersten Marie Pratt.

10.     Donald Eves sustained serious and permanent injuries in the July 27, 2020 collision.

11.     The injuries, damages and losses sustained by Donald Eves were caused by the negligence and carelessness of Kersten Marie Pratt.

Case ID: 220901170

**Insurance Coverage**

12.     At the time of the July 27, 2020 motor vehicle collision, the motor vehicle owned

by Terri Lynn Walker and operated by Kersten Marie Pratt was not insured for liability coverage.

13.     At all times material hereto, there existed, in full force and effect, a policy of

insurance issued by State Farm to Barbara Eves ("State Farm Policy") providing coverage in

accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. §

1701 et seq. ("MVFRL").  A true and correct copy of the State Farm Policy is attached hereto as

Exhibit "A".

14.     The State Farm Policy provided, *inter alia*, $15,000.00/$30,000.00 in uninsured

motorist coverage.

15.     The plaintiff, Donald Eves, as the husband of Barbara Eves, is eligible to recover

uninsured motorist benefits from State Farm under the State Farm Policy in connection with

injuries sustained in the July 27, 2020 motor vehicle accident.

**Uninsured Motorist Claim**

16.     Following the July 27, 2020 collision, Donald Eves made claim upon State Farm

for recovery of uninsured motorist benefits under the State Farm Policy.

11.     Following receipt of the claim for recovery of uninsured motorist benefits, State

Farm disclaimed coverage for the loss.

18.     By letter dated April 27, 2022, Barry L. Schwartz, Claims Specialist of State

Farm wrote to counsel for Donald Eves denying the uninsured motorist claim under the State

Farm Policy.  A true and correct copy of the April 27, 2022 letter is attached as Exhibit "B".

19.     The April 27, 2022 letter provided, in pertinent part:

> My review of the declarations sheet from State Farm  reflects Mr. Eves rejected
> uninsured motorist coverage on his policy. Under the "Exclusions- Coverage U", our
> State Farm policy states,

3

"THERE IS NO COVERAGE FOR AN INSURED WHO SUSTAINS BODILY INJURY WHILE OCCUPYING A MOTOR VEHICLE OWNED BY THAT INSURED IF THE VEHICLE IS NOT INSURED FOR UNINSURED MOTOR VEHICLE COVERAGE UNDER THIS POLICY OR ANY OTHER POLICY."

Based on the policy language, the uninsured motorist coverage on Mrs. Eve's policy would not apply to this loss.

See Exhibit "B".

20.     The exclusion upon which State Farm relies in denying the uninsured motorist claim of Donald Eves under the State Farm Policy is void and unenforceable as violative of the MVFRL and public policy.

21.     Donald Eves is eligible for recovery of uninsured motorist benefits under the State Farm Policy in connection with injuries sustained in the July 27, 2020 collision.

**Class Action Allegations**

22.     The plaintiff, Donald Eves, brings this action individually, and as a class action on behalf of a class of similarly situated persons.

23.     The defendant, State Farm, has systematically and wrongfully denied uninsured and underinsured motorist coverages under Personal Auto Policies in Pennsylvania on the basis of the household exclusion.

24.     The plaintiff, Donald Eves, seeks to represent a class of persons who are named insureds or insureds under policies issued by the defendant, State Farm, who were injured in motor vehicle accidents as a result of the negligence of an uninsured or an underinsured motorist but who were denied uninsured and/or underinsured motorist benefits by reason of the household exclusion.

4

Case ID: 220901170

25.     The plaintiff, Donald Eves, seeks to represent a class of persons: (a) who sustained injury in a motor vehicle accident while occupying or operating a household vehicle; (b) who were the named insured or the insured under a policy providing uninsured and/or underinsured motorist coverage under a policy in accordance with the MVFRL for another vehicle in the household; (c) who made claim under that other household policy for recovery of uninsured and/or underinsured motorist benefits; and (d) whose claim for recovery of uninsured and/or underinsured motorist benefits was denied on the basis of the uninsured vehicle household exclusion.

26.     The plaintiff, Donald Eves, reserves the right to amend the definitions and/or identify additional subclasses upon completion of class certification.

27.     The putative class is limited to residents of the Commonwealth of Pennsylvania in numbers sufficient to allow class certification.

28.     The members of the class are so numerous that joinder of them is impracticable.

29.     Identification of the members of the class can be ascertained in and through discovery of the files and/or computer data base of the defendant, State Farm.

30.     A class action is the only practicable means available for the members of the class to pursue the appropriate remedies and receive the necessary underinsured motorist benefits under the policies of insurance in question.

31.     A class action is the only practicable means available to prevent the defendant, State Farm, from engaging in the continuous and systematic illegal and unlawful conduct under the MVFRL and to remedy the harm created by this illegal and unlawful conduct.

32.     The questions of law and fact are common to the members of the class which the plaintiff, Donald Eves, seeks to represent.

Case ID: 220901170

33.     The questions of law and fact common to the members of the class predominate over questions that may affect only individual members.

34.     The common questions of law and fact with respect this class which control this litigation predominate over any individual issues include, but are not limited to:

(a)     Each member of the class suffered injury as a result of the negligence of an uninsured and/or underinsured motorist while operating a household vehicle which was not insured under a policy issued by State Farm or any other insurer under which the claim for benefits was made;

(b)     Each member of the class is eligible as a named insured or an insured to recover uninsured and/or underinsured motorist benefits under the household policy of Insurance issued by the defendant, State Farm;

(c)     Each claim for recovery of uninsured or underinsured motorist benefits was denied by reason of the uninsured vehicle household exclusion in the State Farm Policy;

(d)     The denial and disclaimer of uninsured and/or underinsured motorist coverage is illegal and violative of the terms and provisions of the MVFRL and public policy;

(e)     Each member of the class is entitled to a declaration that his or her claim is not barred by the language of the State Farm Policy in question and/or the uninsured vehicle household exclusion issued by the defendant, State Farm, under which claim has been made; and

(f)     Each member of the class is entitled to compensatory uninsured and/or underinsured motorist benefits under the household policy of insurance issued by the defendant, State Farm, under which claim has been made.

35.     The plaintiff, Donald Eves, is a member of  the class that he seeks to represent.

36.     The claim of the plaintiff, Donald Eves, is typical of the claim of other members of the class which he purports to represent.

37.     The plaintiff, Donald Eves, is well qualified to act class representative.

Case ID: 220901170

38.     The plaintiff, Donald Eves, will fairly and adequately protect the interests of the members of the class.

39.     The plaintiff, Donald Eves, has no interest that is adverse or antagonistic to the interests of the members of the class.

40.     The plaintiff, Donald Eves, is committed to prosecuting the class action.

41.     The plaintiff, Donald Eves, has retained competent counsel who are experienced in litigation of this nature.

42.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

43.     Joinder of all class matters is impracticable and the likelihood of individual class members prosecuting separate claims is remote due to the fact that the members of the class do not know that they are entitled to uninsured motorist coverage.

44.     The expense and burden of individual litigation makes it unlikely that a substantial member of the class members will individually seek redress for the wrongs done to them.

45.     It is desirable for all concerned to concentrate the litigation in this particular forum for adjudication.

46.     The plaintiff, Donald Eves, anticipates no difficulty in the management of this action as a class action.

47.     The class action brought by the plaintiff, Donald Eves, is a convenient and proper forum in which to litigate the claim.

48.     The prosecution of separate actions by individual class members would create the risk of bearing inconsistent determinations that could confront the defendant, State Farm, with

7

incompatible standards of conduct and which could prejudice non-parties to any adjudication or substantially impede their ability to protect their own interests because of the overriding common questions of law and fact involved in the matter.

49.     Prosecution of these claims as a class action will result in an orderly and expeditious administration of the claims and will foster economies of time, effort and expense.

50.     Prosecution of these claims as a class action will contribute to uniformity of decisions concerning the practices of the defendant, State Farm.

### COUNT I
### (Declaratory Relief – Individual Claims)

51.     The plaintiff,  Donald Eves, hereby incorporates, by reference, paragraphs 1 through 50 of this Complaint as though same were fully set forth herein.

52.     At all times material hereto there existed, in full force and effect, the State Farm Policy providing coverage in accordance with the MVFRL.

53.     The State Farm Policy provided, *inter alia*, $250,000.00/$500,000.00 in uninsured motorist coverage.

54.     The Insuring Agreement for uninsured motorist coverage under the State Farm Policy provides:

**Insuring Agreement – Coverages U and U3**

*We* will pay compensatory damages for *bodily injury* an *insured* is legally entitled to recover from the owner or driver of an *uninsured motor vehicle*.  The *bodily injury* must be:

1.     sustained by an *insured*; and

2.     caused by an accident that involves the ownership, maintenance, or use of an *uninsured motor vehicle* as a motor vehicle.

8

The amount *we* will pay for damages is subject to the limitations of Title 75 of the Pennsylvania Consolidated Statutes.

See Exhibit "A", p. 18.

55.   The State Farm Policy defines "insured" for purposes of recovery of uninsured and underinsured motorist benefits in relevant part:

**Insured** means:

1.   *you*;

2.   *resident relatives*;

See Exhibit "A", p. 17.

56.   The State Farm Policy defines "resident relative" as follows:

**Resident Relative** means a *person*, other than *you*, who resides primarily with the first *person* shown as a named insured on the Declarations Page and who is:

1. related to that named insured or his or her spouse by blood, marriage, or adoption, including an unmarried and unemancipated child of either who is away at school and otherwise maintains his or her primary residence with that named insured; or

2. a ward or foster child of that named insured, his or her spouse, or a *person* described in 1. above.

See Exhibit "A", p. 5.

57.   At the time of the July 27, 2020 collision, Donald Eves was married to and resided with the named insured, Barbara Eves.

58.   The plaintiff, Donald Eves, therefore, is eligible to recover uninsured motorist benefits under the State Farm Policy in connection with injuries sustained in the July 27, 2020 collision.

59.   The July 27, 2020 collision was caused by the negligence and carelessness of Kersten Marie Pratt in the operation of the vehicle owned by Terri Lynn Walker.

Case ID: 220901170

60.     The State Farm Policy defines "uninsured motor vehicle" as, *inter alia*,

**Uninsured Motor Vehicle** means a land motor vehicle:

1.     the ownership, maintenance, and use of which is:

      a.     not insured or bonded for bodily injury liability at the time of the accident;

See Exhibit "A", p. 18.

61.     The vehicle operated by Kersten Marie Pratt and owned by Terri Lynn Walker, was not insured under any bodily injury liability bond or policy at the time of the July 27, 2020 collision.

62.     Following the July 27, 2020 collision, Donald Eves made claim upon State Farm seeking recovery of uninsured motorist benefits under the State Farm Policy.

63.     The defendant, State Farm, disclaimed coverage under a policy exclusion which provides:

> THERE IS NO COVERAGE FOR AN **INSURED** WHO SUSTAINED **BODILIY INJURY** WHILE **OCCUPYING** A MOTOR VEHICLE **OWNED BY** THAT **INSURED** IF THE VEHICLE IS NOT INSURED FOR UNINSURED MOTOR VEHICLE COVEAGE UNDER THIS POLICY OR ANY OTHER POLICY.

See Exhibit "A", p. 20.

64.     The exclusion upon which State Farm relies in disclaiming coverage to Donald Eves for the injuries sustained in the July 27, 2020 collision is void and unenforceable as violative of the MVFRL.

65.     The exclusion upon which State Farm relies in disclaiming coverage to Donald Eves for the injuries sustained in the July 27, 2020 motor vehicle accident is void and unenforceable as violative of public policy.

Case ID: 220901170

66.     The plaintiff, Donald Eves, is eligible to recover up to the $15,000.00 limit of uninsured motorist coverage under the State Farm Policy in connection with the injuries, damages and losses sustained in the July 27, 2020 motor vehicle accident.

67.     The defendant, State Farm, has breached the terms and provisions of the State Farm Policy by failing to provide uninsured motorist benefits to Donald Eves under the State Farm Policy in connection with injuries sustained in the July 27, 2020 motor vehicle accident.

68.     The failure to make payment of uninsured motorist benefits to Donald Eves is a material breach of the State Farm Policy.

69.     The defendant, State Farm, has wrongfully and willfully failed to make payment of uninsured motorist benefits to Donald Eves in breach of the policy provisions and in violation of the MVFRL and public policy of the Commonwealth of Pennsylvania.

70.     The plaintiff, Donald Eves, is entitled to a declaration that the exclusion upon which State Farm relies is void and unenforceable as violative of the MVFRL.

71.     The plaintiff, Donald Eves, is entitled to a declaration that the exclusion upon which State Farm relies is void and unenforceable as violative of public policy.

72.     The defendant, State Farm, maintains the position that the policy exclusion is valid and enforceable.

73.     The controversy poses an issue for judicial determination under the Declaratory Judgment Act.

74.     The controversy involves substantial rights of the parties to the action.

75.     A judgment of this court in this action will also be useful for the purpose of clarifying and settling the legal relations at issue between the parties.

Case ID: 220901170

76.     A judgment of this court will determine, terminate and afford relief from the uncertainty and controversy giving rise to this action.

WHEREFORE, the plaintiff, Donald Eves, respectfully requests that the Court enter an Order declaring:

(a)     that the policy exclusion upon which the defendant, State Farm Mutual Automobile Insurance Company, relies is void and unenforceable; and

(b)     that the plaintiff, Donald Eves, is eligible to recover uninsured motorist benefits under the State Farm Policy in connection with injuries sustained in the July 27, 2020 motor vehicle accident.

## COUNT II
### (Breach of Contract – Individual Claims)

77.     The plaintiff,  Donald Eves, hereby incorporates, by reference, paragraphs 1 through 76 of this Complaint as though same were fully set forth herein.

78.     At all times material hereto there existed, in full force and effect, the State Farm Policy providing coverage in accordance with the MVFRL.

79.     The State Farm Policy provided, *inter alia*, $15,000.00/$30,000.00 in uninsured motorist coverage.

80.     The Insuring Agreement for uninsured motorist coverage under the State Farm Policy provides:

**Insuring Agreement – Coverages U and U3**

*We* will pay compensatory damages for ***bodily injury*** an ***insured*** is legally entitled to recover from the owner or driver of an ***uninsured motor vehicle***.  The ***bodily injury*** must be:

1.     sustained by an ***insured***; and

2.     caused by an accident that involves the ownership, maintenance, or use of an ***uninsured motor vehicle*** as a motor vehicle.

12

Case ID: 220901170

The amount *we* will pay for damages is subject to the limitations of Title 75 of the Pennsylvania Consolidated Statutes.

See Exhibit "A", p. 18.

81.     At the time of the July 27, 2020 collision, Donald Eves was married to and resided with the named insured, Barbara Eves.

82.     The plaintiff, Donald Eves, is eligible to recover uninsured motorist benefits under the State Farm Policy in connection with injuries sustained in the July 27, 2020 collision.

83.     The July 27, 2020 collision was caused by the negligence and carelessness of Kersten Marie Pratt in the operation of the vehicle owned by Terri Lynn Walker.

84.     The State Farm Policy defines "insured" for purposes of recovery of uninsured and underinsured motorist benefits in relevant part:

*Insured* means:

1.  *you*;

2.  *resident relatives*;

See Exhibit "A", p. 17.

85.     The vehicle operated by Kersten Marie Pratt and owned by Terri Lynn Walker, was not insured under any bodily injury liability bond or policy at the time of the July 27, 2020 collision.

86.     The July 27, 2020 collision was caused by the negligence and carelessness of Kersten Marie Pratt, which negligence and carelessness consisted of, but was not limited to:

(a)     failing to keep a proper lookout;

(b)     failing to keep her vehicle under control;

(c)     failing operate her vehicle in a safe and prudent manner in accordance with the laws of State of Florida;

Case ID: 220901170

(d)     failing to yield the right of way;

(e)     making an illegal turn into the path of the vehicle of Donald Eves;

(f)     failing to maintain a proper lookout;

(g)     failing to exercise due care in the operation of her vehicle;

(h)     operating her vehicle at an excessive rate of speed;

(i)     turning directly into the path of the vehicle of Donald Eves who had the right of way;

(j)     being otherwise negligent and careless in violation of the statutes and ordinances of the State of Florida.

87.     The plaintiff, Donald Eves, sustained serious and permanent injuries in the July 27, 2020 collision.

88.     The injuries, losses and damages sustained by Donald Eves in the July 27, 2020 collision were caused by the negligence and carelessness of Kersten Marie Pratt.

89.     The injuries and damages sustained by Donald Eves in the July 27, 2020 collision consisted of, but were not limited to:

(a)     numerous abrasions and contusions;

(b)     left metacarpal base fracture of wrist requiring surgery;

(c)     sprain to the left wrist;

(d)     traumatic laceration to the right knee requiring non-dissolving stitches;

(e)     pulmonary contusions;

(f)     injury/continuing pain in ribs;

(g)     injuries to his nerves and nervous system.

Copies of the photographs of the injuries are attached as Exhibit "C".

Case ID: 220901170

90.     Following the July 27, 2020 collision, Donald Eves made claim upon State Farm

seeking recovery of uninsured motorist benefits under the State Farm Policy.

91.     The defendant, State Farm, disclaimed coverage under a policy exclusion which

provides:

> THERE IS NO COVERAGE FOR AN *INSURED* WHO SUSTAINED *BODILIY*
> *INJURY* WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY* THAT *INSURED*
> IF THE VEHICLE IS NOT INSURED FOR UNINSURED MOTOR VEHICLE
> COVEAGE UNDER THIS POLICY OR ANY OTHER POLICY.

See Exhibit "A", p. 20.

92.     The exclusion upon which State Farm relies in disclaiming coverage to Donald

Eves for the injuries sustained in the July 27, 2020 collision is void and unenforceable as

violative of the MVFRL.

93.     The exclusion upon which State Farm relies in disclaiming coverage to Donald

Eves for the injuries sustained in the July 27, 2020 motor vehicle accident is void and

unenforceable as violative of public policy.

94.     The plaintiff, Donald Eves, is entitled to recover the $15,000.00 limit of uninsured

motorist coverage under the State Farm Policy in connection with the injuries, damages and

losses sustained in the July 27, 2020 motor vehicle accident.

95.     The defendant, State Farm, has breached the terms and provisions of the State

Farm Policy by failing to provide uninsured motorist benefits to Donald Eves under the State

Farm Policy in connection with injuries sustained in the July 27, 2020 motor vehicle accident.

96.     The failure to make payment of uninsured motorist benefits to Donald Eves is a

material breach of the State Farm Policy.

15

97.     The defendant, State Farm, has wrongfully and willfully failed to make payment of uninsured motorist benefits to Donald Eves in breach of the policy provisions and in violation of the MVFRL and public policy of the Commonwealth of Pennsylvania.

WHEREFORE, the plaintiff, Donald Eves, demands judgment against the defendant, State Farm Mutual Automobile Insurance Company, for an amount up to the $15,000.00 limit of uninsured motorist coverage available under the State Farm Policy.

## COUNT III
### (Declaratory Relief – Class Claims)

98.     The plaintiff, Donald Eves, hereby incorporates, by reference, paragraphs 1 through 97 of this Complaint as though same were fully set forth herein.

99.     The Insuring Agreement for uninsured motorist coverage under the Policies issued by State Farm to members of the class provided for payment of uninsured and/or underinsured motorist benefits to eligible claimants who sustained injury as a result of the negligence and carelessness of an uninsured and/or underinsured motorist.

100.    Each member of the class sustained injury as a result of the negligence and carelessness of an uninsured and/or underinsured motorist.

101.    Each member of the class made claim upon State Farm under a policy of insurance providing uninsured and/or underinsured motorist benefits under which policy each member of the class was otherwise eligible for recovery of uninsured and/or underinsured motorist benefits.

102.    The uninsured and/or underinsured motorist claims of each member of the class were denied by reason of a household exclusion in the policy which provides:

THERE IS NO COVERAGE FOR AN *INSURED* WHO SUSTAINED *BODILIY INJURY* WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY* THAT *INSURED*

16

Case ID: 220901170

IF THE VEHICLE IS NOT INSURED FOR UNINSURED MOTOR VEHICLE
COVEAGE UNDER THIS POLICY OR ANY OTHER POLICY.

See Exhibit "A", p. 20.

103.    The exclusion upon which State Farm relies in disclaiming coverage to each
member of the class is void and unenforceable as violative of the MVFRL.

104.    The exclusion upon which State Farm relies in disclaiming coverage to each
member of the class is void and unenforceable as violative of public policy.

105.    Each member of the class is entitled to recover uninsured and/or underinsured
motorist benefits under the State Farm Policy under which claim has been made.

106.    The defendant, State Farm, has breached the terms and provisions of each Policy
under which claim has been made by failing to provide uninsured and/or underinsured motorist
benefits to each member of the class.

107.    The failure to make payment of uninsured and/or underinsured motorist benefits
to each member of the class is a material breach of the Policy.

108.    The defendant, State Farm, has wrongfully and willfully failed to make payment
of uninsured and/or underinsured motorist benefits to each member of the class in violation of
the policy provisions and in violation of the MVFRL and the public policy of the
Commonwealth of Pennsylvania.

109.    Each member of the class is entitled to a declaration that the household exclusion
upon which State Farm relies is void and unenforceable as violative of the MVFRL.

110.    Each member of the class is entitled to a declaration that the exclusion upon
which State Farm relies is void and unenforceable as violative of public policy.

17

Case ID: 220901170

111.    The defendant, State Farm, maintains the position that the policy exclusion is valid and enforceable.

112.    The controversy poses an issue for judicial determination under the Declaratory Judgment Act.

113.    The controversy involves substantial rights of the parties to the action.

114.    A judgment of this court in this action will also be useful for the purpose of clarifying and settling the legal relations at issue between the parties.

115.    A judgment of this court will determine, terminate and afford relief from the uncertainty and controversy giving rise to this action.

WHEREFORE, the plaintiff, Donald Eves, respectfully requests that the Court enter an Order declaring:

(a)    that the policy exclusion upon which the defendant, State Farm Mutual Automobile Insurance Company, relies is void and unenforceable; and

(b)    each member of the class is eligible to recover uninsured and/or underinsured motorist benefits under the State Farm Mutual Automobile Insurance Company Policy of Insurance under which claim has been made.


### COUNT IV
### (Breach of Contract – Class Claims)

116.    The plaintiff,  Donald Eves, hereby incorporates, by reference, paragraphs 1 through 115 of this Complaint as though same were fully set forth herein.

117.    The Insuring Agreement for uninsured motorist coverage under the Policies issued by State Farm to members of the class provided for payment of uninsured and/or underinsured motorist benefits to eligible claimants who sustained injury as a result of the negligence and carelessness of an uninsured and/or underinsured motorist.

Case ID: 220901170

118.    Each member of the class sustained injury as a result of the negligence and carelessness of an uninsured and/or underinsured motorist.

119.    Each member of the class made claim upon State Farm under a policy of insurance providing uninsured and/or underinsured motorist benefits under which policy each member of the class was otherwise eligible for recovery of uninsured and/or underinsured motorist benefits.

120.    The uninsured and/or underinsured motorist claims of each member of the class were denied by reason of a household exclusion in the policy which provides:

> THERE IS NO COVERAGE FOR AN **INSURED** WHO SUSTAINED **BODILIY INJURY** WHILE **OCCUPYING** A MOTOR VEHICLE **OWNED BY** THAT **INSURED** IF THE VEHICLE IS NOT INSURED FOR UNINSURED MOTOR VEHICLE COVEAGE UNDER THIS POLICY OR ANY OTHER POLICY.

See Exhibit "A", p. 20.

121.    The exclusion upon which State Farm relies in disclaiming coverage to each member of the class is void and unenforceable as violative of the MVFRL.

122.    The exclusion upon which State Farm relies in disclaiming coverage to each member of the class is void and unenforceable as violative of public policy.

123.    Each member of the class is eligible to recover uninsured and/or underinsured motorist benefits under the State Farm Policy under which claim has been made.

124.    The defendant, State Farm, has breached the terms and provisions of each Policy under which claim has been made by failing to provide uninsured and/or underinsured motorist benefits to each member of the class.

125.    The failure to make payment of uninsured and/or underinsured motorist benefits to each member of the class is a material breach of the Policy.

Case ID: 220901170

126.    The defendant, State Farm, has wrongfully and willfully failed to make payment of uninsured and/or underinsured motorist benefits to each member of the class in violation of the policy provisions and in violation of the MVFRL and the public policy of the Commonwealth of Pennsylvania.

127.    Each member of the class is eligible to recover uninsured/underinsured motorist benefits under the State Farm Policy under which claim has been made.

128.    Each member of the class is entitled to compensatory uninsured and/or underinsured motorist benefits from State Farm.

WHEREFORE, the plaintiff, Donald Eves, respectfully requests that the Court enter an Order awarding uninsured/underinsured motorist benefits to each member of the class under the Policy of Insurance in question issued by the defendant, State Farm Mutual Automobile Insurance Company.

HAGGERTY, GOLDBERG,
SCHLEIFER & KUPERSMITH, P.C.


BY:    /s/ James C. Haggerty
JAMES C. HAGGERTY, Esquire
PA Attorney I.D. # 30003
1801 Market Street, Suite 1100
Philadelphia, PA  19103
(267) 350-6600
FAX (215) 665-8197

SCHMIDT KRAMER P.C.

BY: /s/ Scott Cooper
SCOTT B. COOPER, Esq.
PA Attorney I.D. # 70242
209 State Street
Harrisburg, PA 17101
(717) 232-6300

Case ID: 220901170

SHUB LAW FIRM

BY:    /s/ Jonathan Shub_____
JONATHAN SHUB, Esquire
KEVIN LAUKAITIS, Esquire
PA Attorney I.D. # 53965
134 Kings Highway East, 2nd Floor
Haddonfield, NJ  08033
(856) 772-7200

JACK GOODRICH & ASSOCIATES

BY: /s/ Jack Goodrich_____
JOHN P. GOODRICH, ESQUIRE
PA ATTORNEY I.D. #49648
429 Fourth Avenue
Pittsburgh, PA  15219
(412) 261-4663

21

Case ID: 220901170

## **VERIFICATION**

I, Donald Eves, state that the facts set forth in this pleading are true and correct to the best of my knowledge, information and belief.  I understand that the statements are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.


Donald R Eves          8-22-2022
Donald Eves

22

Case ID: 220901170

EXHIBIT A

Case ID: 220901170

State Farm Mutual Automobile Insurance Company
*PO Box 89000*
*Atlanta GA 30356-9900*

**StateFarm**®

AT1                    A-6471        A
EVES, BARBARA
427 CEDAR LN
BIRDSBORO PA 19508-9199

## AUTO RENEWAL

**PREMIUM PAID: $229.83**
**DO NOT PAY.**
*Your premium is billed through the State Farm Payment Plan*

State Farm Payment Plan Number: 1052864113

**Policy Number: 124 0776-A21-38J**
Policy Period: July 21, 2020 to January 21, 2021

**Vehicle:**
1997 NISSAN MAXIMA

**Principal Driver:**
BARBARA  EVES

**Your State Farm Agent**

SARACINO INS AND FIN SERV INC

Office: 610-582-2352

Address: 6580 PERKIOMEN AVE
                  BIRDSBORO, PA 19508-1016

*If you have a new or different car, have added any drivers, or have moved,
please contact your agent.*

**Thank you for choosing State Farm.**

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.



Policy Number: 124 0776-A21-38J
Prepared June 10, 2020
1004583

Page number 1 of 5

143562  202  01-15-2018



> Get your hands on
> help anytime.

Access your digital insurance cards, request roadside assistance, connect with your agent, keep tabs on your State Farm Bank® accounts and more from our State Farm® mobile app.

If you haven't already, download it today.
Text [MOBILE] to 78836.

Case ID: 220901170



## VEHICLE INFORMATION

**Review your policy information carefully.** If anything is incorrect, or if there are any changes to your vehicle information, please let us know right away.

| Vehicle Description | Vehicle Identification Number (VIN) | Who principally drives this vehicle? | How is this vehicle normally used? |
|---|---|---|---|
| 1997 NISSAN MAXIMA | JN1CA21D4VT864534 | BARBARA EVES, a divorced female, who will be age  54 as of July 21, 2020. | To Work, School or Pleasure. |

Vehicle(s) 1 - The premium for this renewal was determined using an annual mileage this vehicle is expected to be driven that was developed from information we obtained or was provided by you. The national average is more than 12,000 miles driven annually according to the U.S. Department of Transportation. Please contact us if you expect your annual mileage to change over the next year.

**Premium Adjustment**
Each year, we review our medical payments and personal injury protection coverages claim experience to determine the vehicle safety discount that is applied to each make and model. In addition, we review the comprehensive, collision, bodily injury and property damage claim experience annually to determine which makes and models have earned decreases or increases from State Farm's standard rates. If any changes result from our reviews, adjustments are reflected in the rates shown on this renewal notice.

## DRIVER INFORMATION

**Assigned Driver(s)**
The following driver(s) are assigned to the vehicle(s) on this policy.

| Name | Age *as of* July 21, 2020 | Gender | Marital Status |
|---|---|---|---|
| BARBARA  EVES | 54 | Female | Divorced |

**Principal Driver & Assigned Drivers**
For each automobile, the **Principal Driver** is the individual who most frequently drives it.
Each driver is designated as an **Assigned Driver** on the household automobile that they most frequently drive. Your premium may be influenced by the information shown for these drivers.

## IMPORTANT NOTICE REGARDING YOUR PREMIUM

State Farm works hard to offer you the best combination of price, service, and protection.  The amount you pay for automobile insurance is determined by many factors such as the coverages you have, where you live, the kind of car you drive, how your car is used, who drives the car, and information from consumer reports.

You have the right to request, no more than once during a 12-month period, that your policy be re-rated using a current credit-based insurance score. The resulting impact due to the credit portion of the re-rated insurance score will not increase your premium; however, your overall premium may decrease, remain the same, or increase due to other factors impacting your total premium.

Case ID: 220901170



## COVERAGE AND LIMITS *See your policy for an explanation of these coverages.*

| A | Liability Bodily Injury 25,000/50,000 | $146.85 |
|---|---|---|
| | Property Damage 50,000 | Included |
| C2 | Medical Payments 25,000 | $62.28 |
| H | Emergency Road Service | $3.40 |
| U | Uninsured Motorist Bodily Injury 15,000/30,000 | $4.59 |
| W | Underinsured Motorist Bodily Injury 15,000/30,000 | $12.71 |
| **Total Premium** | | **$229.83** |

**WARNING...** Any person who knowingly and with intent to injure or defraud any insurer files an application or claim containing any false, incomplete or misleading information shall, upon conviction, be subject to imprisonment for up to seven years and payment of a fine of up to $15,000.

**THIS POLICY PROVIDES FULL TORT OPTION.**

The laws of the Commonwealth of Pennsylvania, as enacted by the General Assembly, only require that you purchase liability and first-party medical benefit coverages. Any additional coverages or coverages in excess of the limits required by law are provided only at your request as enhancements to basic coverages. The premium for basic liability coverage of $15,000/30,000/5,000 is $124.55 and medical payments coverage of $5,000 is $28.32.

If any coverage you carry is changed to give broader protection with no additional premium charge, we will give you the broader protection without issuing a new policy, starting on the date we adopt the broader protection.

## DISCOUNTS *These adjustments have already been applied to your premium.*

| Multiple Line | ✓ |
|---|---|
| Vehicle Safety | ✓ |
| Accident-Free | ✓ |
| **Total Discounts** | **$93.89** |

## SURCHARGES AND DISCOUNTS

**AUTOMOBILE RATING PLAN** - Applies to private passenger cars only.

**Accident-Free Discount** - Once your policy has been in force for at least three years with no chargeable accidents, you may qualify for our Accident-Free Discount. Once you qualify, this discount applies as long as there are no chargeable accidents, and may even increase over time.

**Good Driving Discount** - Newer policyholders who do not yet qualify for our Accident-Free Discount (available after three years with no chargeable accidents) may already be receiving a Good Driving Discount. This discount continues to apply until your policy qualifies for the Accident-Free Discount as long as there are no chargeable accidents and no new drivers. If you add new drivers, they must also qualify in order for your Good Driving Discount to continue.

**Chargeable Accidents** - For new business rating, an at-fault accident is chargeable if it resulted in death or bodily injury or damage to any property in which the insurer paid in total at least $1,800 ($1,700 or more if the accident occurred on or after July 1, 2017 and prior to July 1, 2020).

For renewal business, an at-fault accident is chargeable as of the date State Farm paid at least $1,800 or more ($1,700 or more for accidents occurring on or after July 1, 2017 and prior to July 1, 2020; $1,550 or more for accidents occurring on or after July 1, 2014 and prior to July 1, 2017; $1,450 or more for accidents occurring on or after July 1, 2011 and prior to July 1, 2014; $1,350 or more for accidents occurring on or after July 1, 2008 and prior to July 1, 2011; $1,150 or more for accidents occurring on or after July 1, 2005 and prior to July 1, 2008; $1,050 or more for accidents occurring on or after July 1, 2002 and prior to July 1, 2005; or $950 or

*(continued on next page)*

Case ID: 220901170



more for accidents occurring on or after July 1, 1999 and prior to July 1, 2002) under property damage liability and collision coverages combined.

A multiple vehicle accident shall not be considered chargeable if State Farm is furnished sufficient evidence that the driver involved in the accident was less than 50% at fault.

**Surcharges -** Your accident record is a determining factor in the amount you pay for insurance on your private passenger car. Policyholders without accidents benefit from lower State Farm rates, while those with recent accidents pay more for car insurance. Surcharges for chargeable accidents are determined in accordance with the following:

### *POLICIES WITH ACCIDENT FREE DISCOUNT*

If an automobile (or the automobile which it replaces) has been continuously insured with State Farm for at least three years without a chargeable accident during this period, you will receive a 15% Accident-Free Discount on the premiums for bodily injury and property damage liability, medical payments, funeral benefits, loss of income, combined benefits, and collision coverages.

This discount increases to 20% if the automobile (or the automobile which it replaces) has been in force for six years and to 25% if the automobile (or the automobile which it replaces) has been in force for ten years so long as there have been no chargeable accidents during these periods.

Policyholders with chargeable accidents may lose their accident-free discount and receive surcharges. If the accident is the first in nine years and your automobile (or the automobile which it replaces) has been continuously insured with State Farm Mutual for at least nine years, the accident-free discount will continue and no surcharge will be applied. A policy eligible for a 15% Accident Free Discount will be surcharged 5% for the first chargeable accident during the three year experience period. If there is a second chargeable accident during the three-year experience period, all chargeable accidents will receive surcharges in accordance with the POLICIES WITHOUT ACCIDENT FREE DISCOUNT section below.

### *POLICIES WITHOUT ACCIDENT FREE DISCOUNT*

A 10% surcharge shall apply for the first chargeable accident if there are no other chargeable accidents during the preceding three years; an additional 30% if there is one other chargeable accident during the preceding three years; and an additional 50% for each subsequent accident within a three-year period. The surcharge applicable during a policy period is the total of the separate charges for the individual accidents which became chargeable during the 34-month period ending two months prior to the beginning of that policy period. The amount (%) of surcharge moves up or down on the basis of additional chargeable accidents or periods of accident-free driving.

Each surcharge remains in effect until the renewal policy period is more than 3 years after the accident became chargeable, after which time it is dropped.

Surcharges will be removed if satisfactory evidence is furnished that the driver involved is no longer a member of your household or will not be driving your car in the future. If that driver is insured on another State Farm policy, the accident will be considered in the rating of that policy.

These surcharges apply to the premiums for bodily injury and property damage liability, medical payments, funeral benefits, loss of income, combined benefits, and collision coverages.

For complete details of these programs, please see your State Farm agent.

Surcharges will be removed if the company is given satisfactory evidence that the driver involved is no longer a member of the household or will not be driving the car in the future. If that driver is insured on another State Farm policy, his or her driving record will be considered in the rating of the other policy.

These discounts and surcharges do not apply to all coverages. For complete details, see your State Farm agent.

Based on your driving record, you have our Accident-Free Discount for preferred customers.

### ADDITIONAL INFORMATION

If any information on this renewal notice is incomplete or inaccurate, or if you want to confirm the information we have in our records, please contact your agent. For additional information regarding discounts or coverages, see your State Farm agent or visit statefarm.com®.

### Buying a new car? Remember to contact your agent!

When you buy an additional car or one that replaces a car already on your policy, you need to report the change to your agent **promptly.** Even though the dealership you purchased the car from may offer to notify your agent or insurance company, you, as the named insured, are responsible for reporting all changes to your auto policy. By contacting your agent, you can help:

- avoid any complications or lack of coverage in the event of an accident or loss,

*(continued on next page)*

Case I.D.: 220901170



- avoid insurance verification problems with a lienholder, the police, or the department of motor vehicles, and
- ensure that you receive any new discounts you may be entitled to.

Your current State Farm policy automatically provides certain coverages for a new or replacement car for up to a specified, limited number of days after you take possession of the car. Please refer to your policy for the number of days that applies in your state.

If you have any questions about coverage for a newly acquired car, please contact your State Farm agent.

*Disclaimer: This message is provided for informational purposes only and does not grant any insurance coverage. The terms and conditions of coverage are set forth in your State Farm Car Policy booklet, the most recently issued Declarations Page, and any applicable endorsements.*



Please read the policy carefully. If there is an
accident, contact your State Farm agent or one
of our Claim Offices at once. (See "INSURED'S
DUTIES" in this policy booklet.)

State Farm®
**Car Policy**
Booklet

Pennsylvania
Policy Form 9838A

Case ID: 220901170

# CONTENTS

**THIS POLICY** ............................................. 3

**DEFINITIONS** ............................................. 4

**LIABILITY COVERAGE** ......................... 7

Additional Definition ................................... 7
Insuring Agreement ...................................... 7
Supplementary Payments ............................ 8
Limits ............................................................. 8
Nonduplication ............................................ 9
Exclusions ..................................................... 9
If Other Liability Coverage Applies ......... 10
Required Out-of-State Liability Coverage 11
Financial Responsibility Certification ...... 11

**FIRST PARTY COVERAGES** .................. 12

Additional Definitions – Coverages C2, Q,
Z, Y, and F .................................................... 12

MEDICAL PAYMENTS –
COVERAGE C2 ........................................... 12
Insuring Agreement – Coverage C2 .......... 12

EXTRAORDINARY MEDICAL PAY-
MENTS – COVERAGE Q ........................ 13
Insuring Agreement and Limits –
Coverage Q ................................................... 13

LOSS OF INCOME – COVERAGE Z ..... 14
Insuring Agreement – Coverage Z ............ 14

DEATH, DISMEMBERMENT AND LOSS
OF SIGHT – COVERAGE Y ................... 14
Additional Definition – Coverage Y ......... 14
Insuring Agreement – Coverage Y ............ 14
Payments of Benefits – Coverage Y ......... 15

FUNERAL BENEFITS –
COVERAGE F ............................................. 15
Insuring Agreement – Coverage F ............ 15

Limits – Coverage C2 ................................ 15
Limits – Coverage Z ................................... 15
Limits – Coverage Y ................................... 15
Limits – Coverage F .................................... 15
Limits – Coverages C2, Q, Z, Y, and F ..... 15

Priorities for the Payment of First Party
Benefits – Coverages C2, Q, Z, Y, and F .. 15

Exclusions – Coverages C2, Q, Z, Y, and F .... 16

Mental or Physical Examination – Coverages
C2, Q, Z, Y, and F ....................................... 16

COMBINED BENEFITS –
COVERAGE M ............................................ 17

Insuring Agreement – Coverage M ........... 17
Limits – Coverage M .................................. 17
Time Limitation – Coverage M ................. 17
Other Provisions – Coverage M ................ 17

**UNINSURED MOTOR VEHICLE
COVERAGES** ............................................. 17

Additional Definitions – Coverages U
and U3 ........................................................... 17
Insuring Agreement – Coverages U
and U3 ........................................................... 18
Consent to Settlement – Coverages U
and U3 ........................................................... 19
Deciding Fault and Amount – Coverages U
and U3 ........................................................... 19
Limits – Coverages U and U3 .................... 19
Limits – Coverage U3 ................................. 20
Nonduplication – Coverages U and U3 ..... 20
Exclusions – Coverages U and U3 ............ 20
Exclusions – Coverage U ........................... 20
Exclusions – Coverage U3 ......................... 21
If Other Uninsured Motor Vehicle Coverage
Applies – Coverage U .................................. 21
If Other Uninsured Motor Vehicle Coverage
Applies – Coverage U .................................. 21
Our Payment Options – Coverages U
and U3 ........................................................... 22

**UNDERINSURED MOTOR VEHICLE
COVERAGES** ............................................. 23

Additional Definitions – Coverages W
and W3 .......................................................... 23
Insuring Agreement – Coverages W
and W3 .......................................................... 24
Consent to Settlement – Coverages W
and W3 .......................................................... 24
Deciding Fault and Amount – Coverages W
and W3 .......................................................... 24
Limits – Coverages W and W3 .................. 25
Limits – Coverage W3 ................................ 25
Nonduplication – Coverages W and W3 ... 25

Case ID: 220901170

Exclusions – Coverages W and W3 .......... 26
Exclusions – Coverage W ......................... 26
Exclusions – Coverage W3 ....................... 26
If Other Underinsured Motor Vehicle
Coverage Applies – Coverage W .............. 26
If Other Underinsured Motor Vehicle
Coverage Applies – Coverage W3 ............ 27
Our Payment Options – Coverages W
and W3 ..................................................... 28

**PHYSICAL DAMAGE COVERAGES** .... 28
Additional Definitions............................... 28
Insuring Agreements ................................. 29
Supplementary Payments – Comprehensive
Coverage and Collision Coverage............. 31
Limits and Loss Settlement – Comprehensive
Coverage and Collision Coverage............... 31
Limits – Car Rental and Travel Expenses
Coverage ................................................... 33
Nonduplication .......................................... 33
Exclusions ................................................. 33
If Other Physical Damage Coverage or
Similar Coverage Applies ......................... 35
Financed Vehicle ....................................... 36
Our Payment Options ............................... 36

**INSURED'S DUTIES** ................................. 37
Notice to Us of an Accident or Loss.......... 37
Notice to Us of a Claim or Lawsuit........... 37
Insured's Duty to Cooperate With Us........ 37
Questioning Under Oath............................ 37
Other Duties Under the Physical
Damage Coverages.................................... 38
Other Duties Under First Party Coverages,
Uninsured Motor Vehicle Coverages, and
Underinsured Motor Vehicle Coverages ... 38

**GENERAL TERMS**................................... 39
When Coverage Applies............................ 39
Where Coverage Applies........................... 39
Newly Owned or Newly Leased Car......... 39
Changes to This Policy.............................. 40
Premium .................................................... 40
Renewal...................................................... 41
Nonrenewal ............................................... 41
Cancellation............................................... 41
Assignment................................................ 42
Bankruptcy or Insolvency of the Insured .. 42
Concealment or Fraud............................... 42
Our Right to Recover Our Payments......... 42
Legal Action Against Us ........................... 42
Choice of Law ........................................... 43
Severability................................................ 43

## THIS POLICY

1. This policy consists of:

   a. the most recently issued Declarations Page;

   b. the policy booklet version shown on that Declarations Page; and

   c. any endorsements that apply, including those listed on that Declarations Page as well as those issued in connection with any subsequent renewal of this policy.

2. This policy contains all of the agreements between all named insureds and applicants and:

   a. *us*; and

   b. any of *our* agents.

3. *We* agree to provide insurance according to the terms of this policy:

   a. based on payment of premium for the coverages chosen; and

   b. unless otherwise stated in EXCEP-TIONS, POLICY BOOKLET, AND ENDORSEMENTS on the Declarations Page, in reliance on the following statements:

      (1) The named insured is the sole owner of *your car*.

      (2) Neither *you* nor any member of *your* household has, within the past three years, had:

Case ID: 220901170

(a) vehicle insurance canceled or nonrenewed by an insurer; or

(b) either:

    (i)  a license to drive; or

    (ii) a vehicle registration suspended, revoked, or refused.

(3) *Your car* is used for pleasure and business.

4.  All named insureds and applicants agree by acceptance of this policy that:

    a.  the statements in 3.b. above are made by the named insured or applicant and are true; and

    b.  *we* provide this insurance on the basis those statements are true.

## DEFINITIONS

*We* define certain words and phrases below for use throughout the policy.  Each coverage includes additional definitions only for use with that coverage.  These definitions apply to the singular, plural, and possessive forms of these words and phrases.  Defined words and phrases are printed in boldface italics.

*Bodily Injury* means bodily injury to a *person* and sickness, disease, or death that results from it.

*Car* means a land motor vehicle with four or more wheels, designed for use primarily on public roads. It does not include:

1.  Any vehicle while located for use as a dwelling or other premises; or

2.  A truck-tractor designed to pull any type of trailer.

*Car Business* means a business or job where the purpose is to sell, lease, rent, repair, service, modify, transport, store, or park land motor vehicles or any type of trailer.

*Fungi* means any type or form of fungus or fungi and includes:

1.  Mold;

2.  Mildew; and

3.  Any of the following that are produced or released by fungi:

    a.  Mycotoxins;

    b.  Spores;

    c.  Scents; or

    d.  Byproducts.

*Newly Acquired Car* means a *car* newly *owned by you*. A *car* ceases to be a *newly acquired car* on the earlier of:

1.  the effective date and time of a policy, including any binder, issued by *us* or any other company that describes such *car* as an insured vehicle; or

2.  the end of the 14th calendar day immediately following the date such *car* is delivered to *you*.

If a *newly acquired car* is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that *newly acquired car*, subject to a deductible of $500. Any coverage provided as a result of this paragraph will apply only until the end of the 5th calendar day immediately following the date the *newly acquired car* is delivered to *you*.

*Non-Owned Car* means a *car* that is in the lawful possession of *you* or any *resident relative* and that neither:

1.  is *owned by*:

    a.  *you*;

4

9838A

Case ID: 220901170

b. any *resident relative*;

c. any other *person* who resides primarily in *your* household; or

d. an employer of any *person* described in a., b., or c. above; nor

2. has been operated by, rented by, or in the possession of:

a. *you*; or

b. any *resident relative*

during any part of each of the 31 or more consecutive days immediately prior to the date of the accident or *loss*.

*Occupying* means in, on, entering, or exiting.

*Our* means the Company issuing this policy as shown on the Declarations Page.

*Owned By* means:

1. owned by;

2. registered to; or

3. leased, if the lease is written for a period of 31 or more consecutive days, to.

*Pedestrian* means a *person* who is not *occupying*:

1. a motorized vehicle; or

2. a vehicle designed to be pulled by a motorized vehicle.

*Person* means a human being.

*Private Passenger Car* means:

1. a *car* of the private passenger type, other than a pickup truck, van, minivan, or sport utility vehicle, designed primarily to carry *persons* and their luggage; or

2. a pickup truck, van, minivan, or sport utility vehicle:

a. that is not used for:

(1) wholesale; or

(2) retail

pick up or delivery; and

b. that has a Gross Vehicle Weight Rating of 10,000 pounds or less.

*Resident Relative* means a *person*, other than *you*, who resides primarily with the first *person* shown as a named insured on the Declarations Page and who is:

1. related to that named insured or his or her spouse by blood, marriage, or adoption, including an unmarried and unemancipated child of either who is away at school and otherwise maintains his or her primary residence with that named insured; or

2. a ward or a foster child of that named insured, his or her spouse, or a *person* described in 1. above.

See First Party Coverages for the definition of *Resident Relative* used there.

*Serious injury* means a personal injury resulting in death, serious impairment of body function or permanent serious disfigurement.

Unless the injury sustained is a *serious injury*, each person who is bound by the limited tort election shall be precluded from maintaining an action for any noneconomic loss, except that:

1. An individual otherwise bound by the limited tort election who sustains damages in a motor vehicle accident as the consequence of the fault of another person may recover damages as if the individual damaged had elected the full tort alternative whenever the person at fault:

a. is convicted, or accepts Accelerated Rehabilitative Disposition (ARD) for driving under the influence of alcohol or a controlled substance in that accident;

b. is operating a motor vehicle registered in another state;

c. intends to injure himself or another person, provided that an individual does not intentionally injure himself or another person merely because his act

5

9838A

Case ID: 220901170

or failure to act is intentional or done with his realization that it creates a grave risk of causing injury or the act or omission causing the injury is for the purpose of averting bodily harm to himself or another person;

    d. has not maintained financial responsibility as required by Chapter 17 of Title 75 of the Pennsylvania Consolidated Statutes, provided that, nothing in this paragraph shall affect the limitation of section 1731(d)(2) of Title 75 of the Pennsylvania Consolidated Statutes (relating to availability, scope and amount of coverage); or

    e. is *occupying* a vehicle both *owned by a resident relative* and to which the full tort election applies.

2. An individual otherwise bound by the limited tort election shall retain full tort rights with respect to claims against a person in the business of designing, manufacturing, repairing, servicing or otherwise maintaining motor vehicles arising out of a defect in such motor vehicle which is caused by or not corrected by an act or omission in the course of such business, other than a defect in a motor vehicle which is operated by such business.

3. An individual otherwise bound by the limited tort election shall retain full tort rights if injured while an occupant of a motor vehicle other than a private passenger motor vehicle.

***State Farm Companies*** means one or more of the following:

1. State Farm Mutual Automobile Insurance Company;

2. State Farm Fire and Casualty Company; and

3. Any of their affiliates.

***Temporary Substitute Car*** means a *car* that is in the lawful possession of the *person* operating it and that:

1. replaces *your car* for a short time while *your car* is out of use due to its:

    a. breakdown;

    b. repair;

    c. servicing;

    d. damage; or

    e. theft; and

2. neither *you* nor the *person* operating it own or have registered.

If a *car* qualifies as both a *non-owned car* and a *temporary substitute car*, then it is considered a *temporary substitute car* only.

***Trailer*** means:

1. only those trailers:

    a. designed to be pulled by a *private passenger car*;

    b. not designed to carry *persons*; and

    c. while not used as premises for office, store, or display purposes; or

2. a farm implement or farm wagon while being pulled on public roads by a *car*.

***Us*** means the Company issuing this policy as shown on the Declarations Page.

***We*** means the Company issuing this policy as shown on the Declarations Page.

***You*** or ***Your*** means the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a *person*, then "*you*" or "*your*" includes the spouse of the first *person* shown as a named insured if the spouse resides primarily with that named insured.

6
9838A

Case ID: 220901170

*Your Car* means a vehicle shown under YOUR CAR on the Declarations Page. *Your Car* does not include a vehicle that *you* no longer own or lease.

If a *car* is shown on the Declarations Page under YOUR CAR, and *you* ask *us* to replace it with a *car* newly *owned by you*, then the *car* being replaced will continue to be considered *your car* until the earliest of:

1. the end of the 30th calendar day immediately following the date the *car* newly *owned by you* is delivered to *you*;

2. the date this policy is no longer in force; or

3. the date *you* no longer own or lease the *car* being replaced.

## LIABILITY COVERAGE

This policy provides Liability Coverage to the vehicles for which symbol "A" and a corresponding premium are shown on the Declarations Page.

### Additional Definition

*Insured* means:

1. *you* and *resident relatives* for:

    a. the ownership, maintenance, or use of:

        (1) *your car*;

        (2) a *newly acquired car*; or

        (3) a *trailer*; and

    b. the maintenance or use of:

        (1) a *non-owned car*; or

        (2) a *temporary substitute car*;

2. the first *person* shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured for the maintenance or use of a *car* that is *owned by*, or furnished by an employer to, a *person* who resides primarily in *your* household, but only if such *car* is neither *owned by*, nor furnished by an employer to, the first *person* shown as a named insured on the Declarations Page or that *person's* spouse;

3. any other *person* for his or her use of:

    a. *your car*;

    b. a *newly acquired car*;

    c. a *temporary substitute car*; or

    d. a *trailer* while attached to a *car* described in a., b., or c. above.

    Such vehicle must be used within the scope of *your* consent; and

4. any other *person* or organization vicariously liable for the use of a vehicle by an *insured* as defined in 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is neither *owned by*, nor hired by, that other *person* or organization.

*Insured* does not include the United States of America or any of its agencies.

### Insuring Agreement

1. *We* will pay:

    a. damages an *insured* becomes legally liable to pay because of:

        (1) *bodily injury* to others; and

        (2) damage to property

        caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy;

    b. attorney fees for attorneys chosen by *us* to defend an *insured* who is sued for such damages; and

Case ID: 220901170

c. court costs charged to an *insured* and resulting from that part of a lawsuit:

(1) that seeks damages payable under this policy's Liability Coverage; and

(2) against which *we* defend an *insured* with attorneys chosen by *us*.

*We* have no duty to pay attorney fees and court costs incurred after *we* deposit in court or pay the amount due under this policy's Liability Coverage.

2. *We* have the right to:

a. investigate, negotiate, and settle any claim or lawsuit;

b. defend an *insured* in any claim or lawsuit, with attorneys chosen by *us*; and

c. appeal any award or legal decision

for damages payable under this policy's Liability Coverage.

**Supplementary Payments**

*We* will pay, in addition to the damages, fees, and costs described in the **Insuring Agreement** above, the interest, premiums, costs, and expenses listed below that result from such accident:

1. Interest on damages owed by the *insured* that accrues:

a. before a judgment, where owed by law, but only on that part of the judgment *we* pay; and

b. after a judgment. *We* will not pay interest on damages paid or payable by a party other than the *insured* or *us*.

*We* have no duty to pay interest that accrues after *we* deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage;

2. Premiums for bonds, provided by a company chosen by *us*, required to appeal a decision in a lawsuit against an *insured*. *We* have no duty to:

a. pay for bonds that exceed this policy's applicable Liability Coverage limit;

b. furnish or apply for any bonds; or

c. pay premiums for bonds purchased after *we* deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage; and

3. The following costs and expenses if related to and incurred after a lawsuit has been filed against an *insured*:

a. Loss of wages or salary, but not other income, up to $200 for each day an *insured* attends, at *our* request:

(1) an arbitration;

(2) a mediation; or

(3) a trial of a lawsuit; and

b. Reasonable expenses incurred by an *insured* at *our* request other than loss of wages, salary, or other income.

The amount of any of the costs or expenses listed above that are incurred by an *insured* must be reported to *us* before *we* will pay such incurred costs or expenses.

**Limits**

The Liability Coverage limits for *bodily injury* are shown on the Declarations Page under "Liability Coverage – Bodily Injury Limits – Each Person, Each Accident."

The limit shown under "Each Person" is the most *we* will pay for all damages resulting from *bodily injury* to any one *person* injured in any one accident, including all damages sustained by other *persons* as a result of that *bodily injury*. The limit shown under "Each Accident" is the most *we* will pay, subject to the limit for "Each Person", for all damages resulting from *bodily injury* to two or more *persons* injured in the same accident.

The Liability Coverage limit for damage to property is shown on the Declarations Page under "Liability Coverage – Property Damage Limit – Each Accident". The limit shown is

Case ID: 220901170

the most *we* will pay for all damages resulting from damage to property in any one accident.

These Liability Coverage limits are the most *we* will pay regardless of the number of:

1. *insureds*;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

**Nonduplication**

*We* will not pay any damages or expenses under Liability Coverage that have already been paid under Uninsured Motor Vehicle Coverage or Underinsured Motor Vehicle Coverage of any policy issued by the *State Farm Companies* to *you* or any *resident relative*.

**Exclusions**

THERE IS NO COVERAGE FOR AN *INSURED*:

1. WHO INTENTIONALLY CAUSES *BODILY INJURY* OR DAMAGE TO PROPERTY;
2. FOR *BODILY INJURY* TO:
   a. *YOU*;
   b. *RESIDENT RELATIVES*; AND
   c. ANY OTHER *PERSON* WHO BOTH RESIDES PRIMARILY WITH AN *INSURED* AND WHO:
      (1) IS RELATED TO THAT *INSURED* BY BLOOD, MARRIAGE, OR ADOPTION; OR
      (2) IS A WARD OR FOSTER CHILD OF THAT *INSURED*;
3. OR FOR THAT *INSURED'S* INSURER FOR ANY OBLIGATION UNDER ANY TYPE OF WORKERS' COMPENSATION, DISABILITY, OR SIMILAR LAW;
4. FOR *BODILY INJURY* TO THAT *INSURED'S* EMPLOYEE WHICH ARISES OUT OF THAT EMPLOYEE'S EMPLOYMENT. This exclusion does not apply to that *insured's* household

employee who is neither covered, nor required to be covered, under workers' compensation insurance;

5. FOR *BODILY INJURY* TO THAT *INSURED'S* FELLOW EMPLOYEE WHILE THE FELLOW EMPLOYEE IS IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT. This exclusion does not apply to *you* and *resident relatives* who are legally liable for *bodily injury* to fellow employees;
6. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN *INSURED*;
7. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS BEING USED TO CARRY *PERSONS* FOR A CHARGE. This exclusion does not apply to the use of a *private passenger car* on a share-the-expense basis;
8. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT *INSURED'S* EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A *CAR BUSINESS*. This exclusion does not apply to:
   a. *you*; or
   b. any *resident relative*

   while maintaining or using *your car*, a *newly acquired car*, a *temporary substitute car*, or a *trailer*;
9. WHILE THAT *INSURED* IS VALET PARKING A VEHICLE;
10. WHILE MAINTAINING OR USING ANY VEHICLE OTHER THAN *YOUR CAR*, A *NEWLY ACQUIRED CAR*, A *TEMPORARY SUBSTITUTE CAR*, OR A *TRAILER* IN ANY BUSINESS OR OCCUPATION OTHER THAN A *CAR BUSINESS* OR VALET PARKING. This exclusion does not apply to the maintenance or use of a *private passenger car*;

9
9838A

Case ID: 220901170

11. FOR DAMAGE TO PROPERTY WHILE IT IS:

    a.  *OWNED BY*;

    b.  RENTED TO;

    c.  USED BY;

    d.  IN THE CARE OF; OR

    e.  TRANSPORTED BY

    *YOU*, A *RESIDENT RELATIVE*, OR THE *PERSON* WHO IS LEGALLY LIABLE FOR THE DAMAGE. This exclusion does not apply to either damage to a residence while rented to or leased to an *insured* or damage to a private garage while rented to or leased to an *insured*;

12. FOR LIABILITY ASSUMED UNDER ANY CONTRACT OR AGREEMENT;

13. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION;

14. WHILE USING A *TRAILER* WITH A MOTOR VEHICLE IF THAT *INSURED* IS NOT PROVIDED LIABILITY COVERAGE BY THIS POLICY FOR THE USE OF THAT MOTOR VEHICLE;

15. FOR THE OWNERSHIP, MAINTENANCE, OR USE OF ANY VEHICLE WHILE IT IS:

    a.  OFF PUBLIC ROADS AND BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

    b.  ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING. This exclusion does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving; OR

16. WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES, IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY.

**If Other Liability Coverage Applies**

1. If two or more Liability Coverages provided by the *State Farm Companies* to *you* or any *resident relative* apply to the same accident, then:

    a.  such Liability Coverage limits will not be added together to determine the most that may be paid; and

    b.  the maximum amount that may be paid from all such coverages combined is the single highest applicable limit provided by any one of the coverages. *We* may choose one or more coverages from which to make payment.

2. The Liability Coverage provided by this policy applies as primary coverage for the ownership, maintenance, or use of *your car* or a *trailer* attached to it.

    a.  If:

        (1) this is the only Car Policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides Liability Coverage which applies to the accident as primary coverage; and

        (2) liability coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

    then *we* will pay the proportion of damages payable as primary that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other liability coverage that apply as primary coverage.

Case ID: 220901170

b.  If:

    (1)  more than one Car Policy issued to *you* or any *resident relative* by the **State Farm Companies** provides Liability Coverage which applies to the accident as primary coverage; and

    (2)  liability coverage provided by one or more sources other than the **State Farm Companies** also applies as primary coverage for the same accident,

then the **State Farm Companies** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the **State Farm Companies** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as primary coverage.

3.  Except as provided in 2. above, the Liability Coverage provided by this policy applies as excess coverage.

    a.  If:

        (1)  this is the only Car Policy issued to *you* or any *resident relative* by the **State Farm Companies** that provides Liability Coverage which applies to the accident as excess coverage; and

        (2)  liability coverage provided by one or more sources other than the **State Farm Companies** also applies as excess coverage for the same accident,

    then *we* will pay the proportion of damages payable as excess that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other liability coverage that apply as excess coverage.

b.  If:

    (1)  more than one Car Policy issued to *you* or any *resident relative* by the **State Farm Companies** provides Liability Coverage which applies to the accident as excess coverage; and

    (2)  liability coverage provided by one or more sources other than the **State Farm Companies** also applies as excess coverage for the same accident,

then the **State Farm Companies** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the **State Farm Companies** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as excess coverage.

**Required Out-of-State Liability Coverage**

If:

1.  an *insured* is in another state of the United States of America, a territory or possession of the United States of America, the District of Columbia, or any province or territory of Canada, and as a nonresident becomes subject to its motor vehicle compulsory insurance law, financial responsibility law, or similar law; and

2.  this policy does not provide at least the minimum liability coverage required by such law for such nonresident,

then this policy will be interpreted to provide the minimum liability coverage required by such law.

This provision does not apply to liability coverage required by law for motor carriers of passengers or motor carriers of property.

**Financial Responsibility Certification**

When this policy is certified under any law as proof of future financial responsibility, and while required during the policy period, this policy will comply with such law to the extent required.

Case ID: 220901170

## FIRST PARTY COVERAGES

The coverages under this section are provided in accordance with and subject to the Pennsylvania Motor Vehicle Financial Responsibility Act, as amended.

### Additional Definitions – Coverages C2, Q, Z, Y, and F

*Bodily Injury* means accidental bodily harm to a *person* and that *person's* resulting illness, disease or death.

*First Party Benefits* means benefits paid or payable to an *insured* under Coverages C2, Q, Z, Y or F.

*Insured* means:

1.  *you* and *resident relatives*; and

2.  any other *person*:

    a.  *occupying your car* or a *newly acquired car*; or

    b.  not *occupying* a *motor vehicle* if injured as the result of an accident involving *your car*, or a *newly acquired car*. A parked and unoccupied *motor vehicle* is not a *motor vehicle* involved in the accident unless it was parked so as to cause unreasonable risk of injury.

*Motor Vehicle* means a vehicle which is self-propelled except one which is propelled:

1.  solely by human power; or

2.  upon rails.

*Resident Relative* means:

1.  *your* spouse;

2.  anyone related to *you* by blood, marriage or adoption; and

3.  a minor in the custody of *you*, *your spouse* or a *resident relative*

resident in *your* household, even if temporarily residing elsewhere.

### MEDICAL PAYMENTS – COVERAGE C2

This policy provides Coverage C2 to the vehicles for which symbol "C2" and a corresponding premium are shown on the Declarations Page.

### Insuring Agreement – Coverage C2

*We* will pay for medical expenses for *bodily injury* to an *insured* arising out of the maintenance or use of a *motor vehicle*.

Medical expenses are expenses incurred for reasonable and necessary medical treatment and rehabilitation services. This includes expenses for:

1.  hospital, dental, surgical, psychiatric, psychological, osteopathic, ambulance, chiropractic, nursing and optometric services;

2.  licensed physical therapy, vocational rehabilitation, occupational therapy, speech pathology and audiology;

3.  medications, medical supplies and prosthetic devices; and

4.  nonmedical remedial care and treatment rendered in accordance with a recognized religious method of healing.

Medical expenses will be paid:

1.  if incurred within 18 months from the date of the accident causing the *bodily injury*; or

2.  without limitation as to time, provided that, within 18 months from the date of the accident causing the *bodily injury*, it can be determined with reasonable medical probability that further expenses may be incurred as a result of the *bodily injury*.

The amount *we* will pay for medical expenses is subject to the limitations of Title 75 of the Pennsylvania Consolidated Statutes.

Case ID: 220901170

## EXTRAORDINARY MEDICAL PAYMENTS – COVERAGE Q

This policy provides Coverage Q to the vehicles for which symbol "Q" and a corresponding premium are shown on the Declarations Page.

### Insuring Agreement and Limits – Coverage Q

*We* will pay up to the lifetime aggregate limit of $1,000,000 for those reasonable medical expenses which exceed $100,000. The medical expense must be for *bodily injury* to an *insured* caused by accident arising out of the maintenance or use of a *motor vehicle*.

Medical expenses are expenses incurred for reasonable and necessary medical treatment and rehabilitation services. This includes expenses for:

1. hospital, dental, surgical, psychiatric, psychological, osteopathic, ambulance, chiropractic, nursing and optometric services;

2. licensed physical therapy, vocational rehabilitation, occupational therapy, speech pathology and audiology;

3. medications, medical supplies and prosthetic devices; and

4. nonmedical remedial care and treatment rendered in accordance with a recognized religious method of healing.

Medical expenses will be paid:

1. if incurred within 18 months from the date of the accident causing the *bodily injury*; or

2. without limitation as to time, provided that within 18 months from the date of the accident causing the *bodily injury*, it can be determined with reasonable medical probability that further expenses may be incurred as a result of the *bodily injury*.

The most *we* will pay in any 12 month period beginning 18 months after the date the *insured's* reasonable medical expenses exceed $100,000 as a result of the *bodily injury* is $50,000.

These expenses must be:

1. for:

   a. services performed, or

   b. medical supplies, medication or drugs prescribed

   by a medical provider licensed by the state to provide the specific medical services; and

2. for diagnosis, direct care or treatment of the *bodily injury*. The diagnosis, direct care or treatment must be:

   a. within the standards of good medical practice, and

   b. not primarily for the convenience of the patient or medical provider.

*We* have the right to make or obtain an independent review of the medical expenses and services performed to determine if they are reasonable and necessary for the *bodily injury* sustained.

The amount *we* will pay for medical expenses is subject to the limitations of Title 75 of the Pennsylvania Consolidated Statutes.

REASONABLE MEDICAL EXPENSES DO NOT INCLUDE EXPENSES FOR TREATMENT, SERVICES, PRODUCTS OR PROCEDURES THAT ARE:

1. FOR RESEARCH, OR NOT PRIMARILY DESIGNED TO SERVE A MEDICAL OR REHABILITATIVE PURPOSE; OR

2. NOT COMMONLY AND CUSTOMARILY RECOGNIZED THROUGHOUT THE MEDICAL PROFESSIONS AND WITHIN THE UNITED STATES AS APPROPRIATE FOR THE TREATMENT OF THE *BODILY INJURY*.

13
9838A

Case ID: 220901170

**LOSS OF INCOME – COVERAGE Z**

This policy provides Coverage Z to the vehicles for which "Z" with a number beside it and a corresponding premium are shown on the Declarations Page. "Z" with a number beside it is *your* coverage symbol. Check *your* coverage symbol with the Coverage Z schedule in this provision for the limits *you* have chosen.

**Insuring Agreement – Coverage Z**

*We* will pay income loss benefits with respect to *bodily injury* to an *insured* arising out of the maintenance or use of a *motor vehicle*. Income loss benefits are:

1. 80% of the *insured's* actual loss of gross income from work the *insured* would have performed except for the *bodily injury*;

2. reasonable expenses actually incurred for:

   a. hiring a substitute to perform self-employment services to reduce loss of gross income; or

   b. hiring special help thereby enabling the *insured* to work and reduce loss of gross income.

Income loss benefits do not include:

1. loss of expected income for any period following the death of an *insured*;

2. expenses incurred for services performed following the death of an *insured*; or

3. any loss of income during the first five working days the *insured* did not work after the accident because of the *bodily injury*.

**Schedule – Coverage Z**

| Coverage Symbol | Maximum Payable Per Month | Total Maximum Benefits |
|---|---|---|
| Z1 | $1,000 | $ 5,000 |
| Z2 | 1,000 | 15,000 |
| Z3 | 1,500 | 25,000 |
| Z4 | 2,500 | 50,000 |

**DEATH, DISMEMBERMENT AND LOSS OF SIGHT – COVERAGE Y**

This policy provides Coverage Y to the vehicles for which "Y" with a number beside it and a corresponding premium are shown on the Declarations Page. "Y" with a number beside it is *your* coverage symbol. Check *your* coverage symbol with the Coverage Y schedule in this provision for the limits *you* have chosen.

**Additional Definition – Coverage Y**

*Loss* means the *loss* of:

1. the foot or hand, cut off through or above the ankle or wrist; or

2. the whole thumb or finger; or

3. all sight.

**Insuring Agreement – Coverage Y**

*We* will pay the amount shown in the schedule that applies for death of, or *loss* to, an *insured* arising out of the maintenance or use of a *motor vehicle*. The death or *loss* must be the direct result of the accident and not due to any other cause. The death must occur within 24 months from the date of the accident. If the death occurs within 24 hours after the accident, *we* will pay only the amount that applies to death. *Loss* must occur within 90 days of the accident.

14

9838A

Case ID: 220901170

**Schedule – Coverage Y**

| Coverage Symbol | Y1 | Y2 | Y3 |
|---|---|---|---|
| Death | $5,000 | $10,000 | $25,000 |
| *Loss* of: hands, feet; sight of eyes; one hand & one foot; or one hand or one foot & sight of one eye | 5,000 | 10,000 | 25,000 |
| one hand or one foot; or sight of one eye | 2,500 | 5,000 | 12,500 |
| thumb & finger on one hand; or three fingers | 1,500 | 3,000 | 7,500 |
| any two fingers | 1,000 | 2,000 | 5,000 |

**Payments of Benefits – Coverage Y**

The death benefit shall be paid to the executor or administrator of the *insured's* estate.

**FUNERAL BENEFITS – COVERAGE F**

This policy provides Coverage F to the vehicles for which symbol "F" and a corresponding premium are shown on the Declarations Page.

**Insuring Agreement – Coverage F**

*We* will pay for funeral expenses directly related to the funeral, burial, cremation or other form of disposition of the remains of an *insured*. The death must be the result of the accident. The expenses must be incurred within 24 months from the date of the accident.

**Limits – Coverage C2**

The amount of coverage for medical expenses is shown on the Declarations Page under "Medical Payments Coverage – Limit – Each Person".

**Limits – Coverage Z**

The most *we* will pay an *insured* for income loss benefits per month and in the aggregate are shown in the coverage Z schedule next to *your* coverage symbol.

**Limits – Coverage Y**

The amount *we* will pay because of the death of the *insured* is shown under *your* coverage symbol in the Coverage Y schedule. The maximum amount payable to an *insured* for all *loss*, as shown in the schedule, shall not exceed the death benefit amount shown for *your* coverage symbol.

The amount shown in the schedule for death of or *loss* to the *insured* is doubled for an *insured* who, at the time of the accident, is using the vehicle's complete restraint system as recommended by the vehicle's manufacturer.

**Limits – Coverage F**

The amount of coverage for funeral expenses is shown on the Declarations Page under "Funeral Benefits Coverage – Limit – Each Person".

**Limits – Coverages C2, Q, Z, Y, and F**

These coverages are excess over, but shall not duplicate, any amount paid or payable to or for the *insured* under any workers' compensation law.

**Priorities for the Payment of First Party Benefits – Coverages C2, Q, Z, Y, and F**

1. When more than one policy applies, the *person* who suffers *bodily injury* shall recover *first party benefits* against applicable insurance coverage in the following order of priority:

   a. The policy on which the *person* is a named insured.

   b. The policy providing coverage because the *person* is residing in the household of a named insured and is:

15
9838A

Case ID: 220901170

(1) a spouse or other relative of a named insured; or

(2) a minor in the custody of either a named insured or a relative of a named insured.

c. The policy covering the *motor vehicle occupied* by the injured *person* at the time of the accident.

d. For a *person* who is not the occupant of a *motor vehicle*, the policy on any *motor vehicle* involved in the accident. A parked and unoccupied *motor vehicle* is not a *motor vehicle* involved in the accident unless it was parked so as to cause unreasonable risk of injury.

2. THIS POLICY DOES NOT APPLY IF THERE IS ANOTHER POLICY AT A HIGHER PRIORITY LEVEL.   Item a. above is considered the highest priority. Item d. is the lowest priority.

3. Subject to the above, if an *insured* is entitled to *first party benefits* under more than one coverage, the maximum recovery under all coverages for any *first party benefit* will not exceed the amount payable under the coverage with the highest limit of liability for that *first party benefit*.

**Exclusions – Coverages C2, Q, Z, Y, and F**

THERE IS NO COVERAGE FOR *BODILY INJURY*:

1. TO ANY *PERSON* WHOSE CONDUCT CONTRIBUTED TO HIS OR HER *BODILY INJURY* IN ANY OF THE FOLLOWING WAYS:

   a. WHILE INTENTIONALLY INJURING OR ATTEMPTING TO INJURE HIMSELF, HERSELF OR ANOTHER;

   b. WHILE COMMITTING A FELONY; OR

   c. WHILE SEEKING TO ELUDE LAWFUL APPREHENSION OR ARREST BY A LAW ENFORCEMENT OFFICIAL.

2. TO ANY *PERSON* WHO KNOWINGLY CONVERTS A *MOTOR VEHICLE* if the *bodily injury* arises out of the maintenance or use of the converted vehicle.  This does not apply to *you* or any *resident relative*.

3. TO ANY *PERSON* WHO OWNS A CURRENTLY REGISTERED *MOTOR VEHICLE* AND DOES NOT HAVE THE REQUIRED FINANCIAL RESPONSIBILITY, EVEN IF THAT *PERSON* IS *OCCUPYING* OR STRUCK BY A *MOTOR VEHICLE* FOR WHICH FINANCIAL RESPONSIBILITY IS PROVIDED.  This does not apply to *you* or *your spouse* while *occupying* a vehicle insured under the liability coverage of this policy or when struck as a *pedestrian*.

4. TO ANY *PERSON* WHILE OPERATING OR *OCCUPYING*:

   a. A RECREATIONAL VEHICLE NOT INTENDED FOR HIGHWAY USE; OR

   b. A MOTORCYCLE, MOTORDRIVEN CYCLE, MOTORIZED PEDALCYCLE OR LIKE TYPE VEHICLE REQUIRED TO BE REGISTERED UNDER TITLE 75 OF THE PENNSYLVANIA CONSOLIDATED STATUTES.

**Mental or Physical Examination – Coverages C2, Q, Z, Y, and F**

Whenever the mental or physical condition of a *person* is material to any claim for medical expenses or income loss benefits, a court of competent jurisdiction may order the *person* to submit to mental or physical examination by a physician.  If a *person* fails to comply with the order, the court may order that the *person* be denied benefits until he or she complies.

Case ID: 220901170

**COMBINED BENEFITS – COVERAGE M**

This policy provides Coverage M to the vehicles for which symbol "M" and a corresponding premium are shown on the Declarations Page.

**Insuring Agreement – Coverage M**

*We* will pay for *bodily injury* to an *insured* arising out of the maintenance or use of a *motor vehicle*:

1.  Medical expenses as payable under Coverage C2;

2.  Income loss benefits as payable under Coverage Z;

3.  The benefits as payable under Coverage Y3; and

4.  Funeral expenses as payable under Coverage F.

**Limits – Coverage M**

1.  The aggregate limit of liability is shown on the Declarations Page under "Combined Benefits Coverage – Limit – Each Person". This is the maximum amount payable for *bodily injury* to an *insured* as the result of an accident.

2.  The most *we* will pay to or for an *insured* is as follows:

| Benefit | Limit |
|---|---|
| Medical Expenses | Up to the Aggregate Limit |
| Income Loss | Up to the Aggregate Limit |
| Death | $25,000 |
| Funeral Expenses | Up to $2,500 |

3.  Any amount payable for medical expenses greater than $100,000 shall be excess over any amount paid or payable under Extraordinary Medical Payments – Coverage Q.

**Time Limitation – Coverage M**

Subject to the limit of liability:

1.  benefits are only payable for expenses and loss incurred up to three years from the date of the accident.

2.  the death benefit is payable only if death occurs within three years of the date of the accident.

**Other Provisions – Coverage M**

Except as amended above, all provisions relating to Coverages C2, Z, Y, and F apply to expense, loss or death benefits of Coverage M.

**UNINSURED MOTOR VEHICLE COVERAGES**

This policy provides Uninsured Motor Vehicle – Coverage U (Stacking Option) to the vehicles for which symbol "U" and a corresponding premium are shown on the Declarations Page.

This policy provides Uninsured Motor Vehicle – Coverage U3 (Non-Stacking Option) to the vehicles for which symbol "U3" and a corresponding premium are shown on the Declarations Page.

**Additional Definitions – Coverages U and U3**

*Insured* means:

1.  *you*;

2.  *resident relatives*;

3.  any other *person* while *occupying*:

    a.  *your car*, a *temporary substitute car*, or a trailer attached to such a *car*. Such other *person* is an *insured* only under the coverage applicable to the vehicle

17
9838A

Case ID: 220901170

which that *person* was *occupying* and such *person* is not an *insured* under the coverage applicable to any other vehicle insured by this policy. Such vehicle has to be used within the scope of *your* consent; or

b.  a *newly acquired car* or a trailer attached to such a *car*. If the *newly acquired car* replaces *your car*, such other *person* is an *insured* only under the coverage applicable to the vehicle that was replaced. If the *newly acquired car* does not replace *your car*, such other *person* is an *insured* only under the coverage applicable to any one vehicle insured by this policy or any other policy issued by us to *you* or *your spouse*. Such *car* has to be used within the scope of *your* consent.

Such other *person occupying* a vehicle used to carry *persons* for a charge is not an *insured*; and

4.  any *person* entitled to recover compensatory damages as a result of *bodily injury* to an *insured* as defined in 1., 2., or 3. above.

*Uninsured Motor Vehicle* means a land motor vehicle:

1.  the ownership, maintenance, and use of which is:

    a.  not insured or bonded for bodily injury liability at the time of the accident; or

    b.  insured or bonded for bodily injury liability at the time of the accident; but

        (1) the limits are less than required by the financial responsibility act of Pennsylvania; or

        (2) the insuring company:

            (a) denies that its policy provides liability coverage for compensatory damages that result from the accident; or

            (b) is or becomes insolvent; or

2.  the owner and driver of which remain unknown and which causes *bodily injury* to the *insured*. If there is no physical contact between that land motor vehicle and the *insured* or the vehicle the *insured* is *occupying*, then the facts of the accident must be corroborated by a disinterested *person* who witnessed the accident. *You*, *resident relatives*, and *persons occupying* the same vehicle as the *insured* are not disinterested *persons*.

*Uninsured Motor Vehicle* does not include a land motor vehicle:

1.  whose ownership, maintenance, or use is provided Liability Coverage by this policy;

2.  *owned by*, rented to, or furnished or available for the regular use of *you* or any *resident relative*;

3.  *owned by*, rented to, or operated by a self-insurer under any motor vehicle financial responsibility law, any motor carrier law, or any similar law;

4.  designed for use primarily off public roads except while on public roads; or

5.  while located for use as a dwelling or other premises.

**Insuring Agreement – Coverages U and U3**

*We* will pay compensatory damages for *bodily injury* an *insured* is legally entitled to recover from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* must be:

1.  sustained by an *insured*; and

2.  caused by an accident that involves the ownership, maintenance, or use of an *uninsured motor vehicle* as a motor vehicle.

The amount *we* will pay for damages is subject to the limitations of Title 75 of the Pennsylvania Consolidated Statutes.

18
9838A

Case ID: 220901170

**Consent to Settlement – Coverages U and U3**

The *insured* must inform *us* of a settlement offer, if any, proposed by or on behalf of the owner or driver of the *uninsured motor vehicle,* and the *insured* must request *our* written consent to accept such settlement offer.

If *we*:

1. consent in writing, then the *insured* may accept such settlement offer.

2. inform the *insured* in writing that *we* do not consent, then the *insured* may not accept such settlement offer and:

   a. *we* will make payment to the *insured* in an amount equal to such settlement offer. This payment is considered a payment made by or on behalf of the owner or driver of the *uninsured motor vehicle*; and

   b. any recovery from or on behalf of the owner or driver of the *uninsured motor vehicle* shall first be used to repay *us*.

**Deciding Fault and Amount – Coverages U and U3**

1. a. The *insured* and *we* must agree to the answers to the following two questions:

      (1) Is the *insured* legally entitled to recover compensatory damages from the owner or driver of the *uninsured motor vehicle*?

      (2) If the *insured* and *we* agree that the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the *insured* is legally entitled to recover from the owner or driver of the *uninsured motor vehicle*?

   b. If there is no agreement on the answer to either question in 1.a. above, then the *insured* shall:

      (1) file a lawsuit, in a state or federal court that has jurisdiction, against:

          (a) *us*;

          (b) the owner and driver of the *uninsured motor vehicle* unless *we* have consented to a settlement offer proposed by or on behalf of such owner or driver; and

          (c) any other party or parties who may be legally liable for the *insured's* damages;

      (2) consent to a jury trial if requested by *us*;

      (3) agree that *we* may contest the issues of liability and the amount of damages; and

      (4) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.

2. *We* are not bound by any:

   a. judgment obtained without *our* written consent; and

   b. default judgment against any *person* or organization other than *us*.

3. Regardless of the amount of any award, including any judgment or default judgment, *we* are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits – Coverages U and U3**

The Uninsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

The limit shown under "Each Person" is the most *we* will pay for all damages resulting from *bodily injury* to any one *insured* injured in any one accident, including all damages sustained by other *insureds* as a result of that *bodily injury*. The limit shown under "Each Accident" is the most *we* will pay, subject to the limit for "Each Person", for all damages resulting from *bodily injury* to two or more *insureds* injured in the same accident.

19
9838A

Case ID: 220901170

These Uninsured Motor Vehicle Coverage limits are the most *we* will pay regardless of the number of:

1. *insureds*;

2. claims made; or

3. *uninsured motor vehicles* involved in the accident.

**Limits – Coverage U3**

1. If there is more than one vehicle insured under this policy, the maximum limit of liability available is:

   a. the limit applicable to the vehicle that was involved in the accident while *occupying your car*;

   b. the limit applicable to the vehicle that was replaced while *occupying* a *newly acquired car* that replaces *your car*; or

   c. the limit applicable to any one vehicle insured under this policy while injured as a *pedestrian* or injured while *occupying* a *newly acquired car* that does not replace *your car*, a *temporary substitute car*, or a *non-owned car*.

2. The limits of liability are not increased because more than one vehicle is insured under this policy.

**Nonduplication – Coverages U and U3**

*We* will not pay under Uninsured Motor Vehicle Coverage any damages that have already been paid to or for the *insured*:

1. by or on behalf of any *person* or organization who is or may be held legally liable for the *bodily injury* to the *insured*; or

2. for *bodily injury* under Liability Coverage of any policy issued by the **State Farm Companies** to *you* or any *resident relative*.

**Exclusions – Coverages U and U3**

THERE IS NO COVERAGE:

1. FOR AN ***INSURED*** WHO, WITHOUT ***OUR*** WRITTEN CONSENT, SETTLES WITH ANY ***PERSON*** OR ORGANIZATION WHO MAY BE LIABLE FOR THE ***BODILY INJURY***;

2. FOR PAIN, SUFFERING OR OTHER NONMONETARY DAMAGES SUSTAINED BY AN ***INSURED*** IF THE ***BODILY INJURY*** IS NOT A ***SERIOUS INJURY*** AND THE LIMITATION OF SECTION 1731(d)(2) OF TITLE 75 OF THE PENNSYLVANIA CONSOLIDATED STATUTES APPLIES;

3. FOR AN ***INSURED*** WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;

4. TO THE EXTENT IT BENEFITS:

   a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;

   b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR

   c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES;

5. FOR PUNITIVE OR EXEMPLARY DAMAGES; OR

6. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION.

**Exclusions – Coverage U**

THERE IS NO COVERAGE FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY*** WHILE ***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY*** THAT ***INSURED*** IF THE VEHICLE IS NOT INSURED FOR UNINSURED MOTOR VEHICLE COVERAGE UNDER THIS POLICY OR ANY OTHER POLICY.

Case ID: 220901170

**Exclusions – Coverage U3**

THERE IS NO COVERAGE FOR AN *INSURED* WHO SUSTAINS *BODILY INJURY* WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY YOU* OR ANY *RESIDENT RELATIVE* IF IT IS NOT *YOUR CAR* OR A *NEWLY ACQUIRED CAR*.

This exclusion does not apply to the first *person* shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured, while *occupying* a motor vehicle not *owned by* one or both of them.

**If Other Uninsured Motor Vehicle Coverage Applies – Coverage U**

1.  If uninsured motor vehicle coverage for *bodily injury* is available to an *insured* from more than one policy provided by *us* or any other insurer, any coverage applicable:

    a.  under this policy shall apply on a primary basis if the *insured* sustains *bodily injury* while not *occupying* a motor vehicle or trailer.

    b.  to the vehicle covered under this policy which the *insured* was *occupying* when the *bodily injury* was sustained shall apply on a primary basis. Any other coverage provided by this policy shall apply on an excess basis.

    c.  under this policy shall apply on an excess basis if the *insured* sustains *bodily injury* while *occupying* a vehicle other than *your car*.

2.  Subject to item 1 above, if this policy and one or more other policies provide coverage for *bodily injury*:

    a.  on a primary basis, *we* are liable only for our share. *Our* share is that percent of the damages payable on a primary basis that the limit of liability of this coverage bears to the total of all applicable uninsured motor vehicle coverage on a primary basis.

    b.  on an excess basis, *we* are liable only for our share. *Our* share is that percent of the damages payable on an excess basis that the limit of liability of this coverage bears to the total of all applicable uninsured motor vehicle coverage provided on an excess basis.

**If Other Uninsured Motor Vehicle Coverage Applies – Coverage U3**

1.  If Uninsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to *you* or any *resident relative* by one or more of the *State Farm Companies* apply to the same *bodily injury*, then:

    a.  the Uninsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and

    b.  the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. *We* may choose one or more policies from which to make payment.

2.  The Uninsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an *insured* who sustains *bodily injury* while *occupying your car*.

    a.  If:

        (1) this is the only vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

        (2) uninsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

21
9838A

Case ID: 220901170

then *we* will pay the proportion of damages payable as primary that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.

b. If:

(1) more than one vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

(2) uninsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

then the *State Farm Companies* will pay the proportion of damages payable as primary that the maximum amount that may be paid by the *State Farm Companies* as determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.

3. Except as provided in 2. above, the Uninsured Motor Vehicle Coverage provided by this policy applies as excess coverage.

a. If:

(1) this is the only vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(2) uninsured motor vehicle coverage provided by one or more sources

other than the *State Farm Companies* also applies as excess coverage for the same accident,

then *we* will pay the proportion of damages payable as excess that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

b. If:

(1) more than one vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(2) uninsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same accident,

then the *State Farm Companies* will pay the proportion of damages payable as excess that the maximum amount that may be paid by the *State Farm Companies* as determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

**Our Payment Options – Coverages U and U3**

*We* may, at *our* option, make payment to one or more of the following:

1. The *insured*;

2. The *insured's* surviving spouse;

3. A parent or guardian of the *insured*, if the *insured* is a minor or an incompetent *person*; or

4. A *person* authorized by law to receive such payment.

Case ID: 220901170

## UNDERINSURED MOTOR VEHICLE COVERAGES

This policy provides Underinsured Motor Vehicle – Coverage W (Stacking Option) to the vehicles for which symbol "W" and a corresponding premium are shown on the Declarations Page.

This policy provides Underinsured Motor Vehicle – Coverage W3 (Non-Stacking Option) to the vehicles for which symbol "W3" and a corresponding premium are shown on the Declarations Page.

**Additional Definitions – Coverages W and W3**

*Insured* means:

1. *you*;

2. *resident relatives*;

3. any other *person* while *occupying*:

   a. *your car*, a *temporary substitute car*, or a trailer attached to such a *car*. Such other *person* is an *insured* only under the coverage applicable to the vehicle which that *person* was *occupying* and such *person* is not an *insured* under the coverage applicable to any other vehicle insured by this policy. Such vehicle has to be used within the scope of *your* consent; or

   b. a *newly acquired car* or a trailer attached to such a *car*. If the *newly acquired car* replaces *your car*, such other *person* is an *insured* only under the coverage applicable to the vehicle that was replaced. If the *newly acquired car* does not replace *your car*, such other *person* is an *insured* only under the coverage applicable to any one vehicle insured by this policy or any other policy issued by us to *you* or *your spouse*. Such *car* has to be used within the scope of *your* consent.

Such other *person occupying* a vehicle used to carry *persons* for a charge is not an *insured*; and

4. any *person* entitled to recover compensatory damages as a result of *bodily injury* to an *insured* as defined in 1., 2., or 3. above.

*Underinsured Motor Vehicle* means a land motor vehicle:

1. the ownership, maintenance, and use of which is either:

   a. insured or bonded for bodily injury liability at the time of the accident; or

   b. self-insured under any motor vehicle financial responsibility law, any motor carrier law, or any similar law; and

2. for which the total limits of insurance and self-insurance for bodily injury liability from all sources:

   a. are less than the amount of the *insured's* damages; or

   b. have been reduced by payments to *persons* other than *you* and *resident relatives* to less than the amount of the *insured's* damages.

*Underinsured Motor Vehicle* does not include a land motor vehicle:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;

2. *owned by*, rented to, or furnished or available for the regular use of *you* or any *resident relative*;

3. designed for use primarily off public roads except while on public roads;

4. while located for use as a dwelling or other premises; or

5. defined as an *uninsured motor vehicle* under Uninsured Motor Vehicle Coverage of this policy.

23
9838A

Case ID: 220901170

**Insuring Agreement – Coverages W and W3**

*We* will pay compensatory damages for *bodily injury* an *insured* is legally entitled to recover from the owner or driver of an *underinsured motor vehicle*. The *bodily injury* must be:

1. sustained by an *insured*; and

2. caused by an accident that involves the ownership, maintenance, or use of an *underinsured motor vehicle* as a motor vehicle.

*We* will pay only if the full amount of all available limits of all bodily injury liability bonds, policies, and self-insurance plans that apply to the *insured's bodily injury* have been used up by payment of judgments or settlements, or have been offered to the *insured* in writing.

The amount *we* will pay for damages is subject to the limitations of Title 75 of the Pennsylvania Consolidated Statutes.

**Consent to Settlement – Coverages W and W3**

The *insured* must inform *us* of a settlement offer for the full amount of all available limits proposed by or on behalf of the owner or driver of the *underinsured motor vehicle*, and the *insured* must request *our* written consent to accept such settlement offer.

If *we*:

1. consent in writing, then the *insured* may accept such settlement offer.

2. inform the *insured* in writing that *we* do not consent, then the *insured* may not accept such settlement offer and:

   a. *we* will make payment to the *insured* in an amount equal to such settlement offer. This payment is considered a payment made by or on behalf of the owner or driver of the *underinsured motor vehicle*; and

   b. any recovery from or on behalf of the owner or driver of the *underinsured motor vehicle* shall first be used to repay *us*.

**Deciding Fault and Amount – Coverages W and W3**

1. a. The *insured* and *we* must agree to the answers to the following two questions:

   (1) Is the *insured* legally entitled to recover compensatory damages from the owner or driver of the *underinsured motor vehicle*?

   (2) If the *insured* and *we* agree that the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the *insured* is legally entitled to recover from the owner or driver of the *underinsured motor vehicle*?

   b. If there is no agreement on the answer to either question in 1.a. above, then the *insured* shall:

   (1) file a lawsuit, in a state or federal court that has jurisdiction, against:

      (a) *us*;

      (b) the owner and driver of the *underinsured motor vehicle* unless *we* have consented to a settlement offer proposed by or on behalf of such owner or driver; and

      (c) any other party or parties who may be legally liable for the *insured's* damages;

   (2) consent to a jury trial if requested by *us*;

   (3) agree that *we* may contest the issues of liability and the amount of damages; and

   (4) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.

24
9838A

Case ID: 220901170

2. *We* are not bound by any:

   a. judgment obtained without *our* written consent; and

   b. default judgment against any *person* or organization other than *us*.

3. Regardless of the amount of any award, including any judgment or default judgment, *we* are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits – Coverages W and W3**

1. The Underinsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Underinsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

   a. The most *we* will pay for all damages resulting from *bodily injury* to any one *insured* injured in any one accident, including all damages sustained by other *insureds* as a result of that *bodily injury*, is the lesser of:

      (1) the limit shown under "Each Person"; or

      (2) the amount of all damages resulting from that *bodily injury* reduced by the sum of all payments for damages resulting from that *bodily injury* made by or on behalf of any *person* or organization who is or may be held legally liable for that *bodily injury*.

   b. Subject to a. above, the most *we* will pay for all damages resulting from *bodily injury* to two or more *insureds* injured in the same accident is the limit shown under "Each Accident" reduced by the sum of all payments for *bodily injury* made to all *insureds* by or on behalf of any *person* or organization who is or may be held legally liable for the *bodily injury*.

2. These Underinsured Motor Vehicle Coverage limits are the most *we* will pay regardless of the number of:

   a. *insureds*;

   b. claims made; or

   c. *underinsured motor vehicles* involved in the accident.

**Limits – Coverage W3**

1. If there is more than one vehicle insured under this policy, the maximum limit of liability available is:

   a. the limit applicable to the vehicle that was involved in the accident while *occupying your car*;

   b. the limit applicable to the vehicle that was replaced while *occupying* a *newly acquired car* that replaces *your car*; or

   c. the limit applicable to any one vehicle insured under this policy while injured as a *pedestrian* or injured while *occupying* a *newly acquired car* that does not replace *your car*, a *temporary substitute car*, or a *non-owned car*.

2. The limits of liability are not increased because more than one vehicle is insured under this policy.

**Nonduplication – Coverages W and W3**

*We* will not pay under Underinsured Motor Vehicle Coverage any damages that have already been paid to or for the *insured*:

1. by or on behalf of any *person* or organization who is or may be held legally liable for the *bodily injury* to the *insured*; or

2. for *bodily injury* under Liability Coverage of any policy issued by the *State Farm Companies* to *you* or any *resident relative*.

25
9838A

Case ID: 220901170

**Exclusions – Coverages W and W3**

THERE IS NO COVERAGE:

1. FOR AN *INSURED* WHO, WITHOUT *OUR* WRITTEN CONSENT, SETTLES WITH ANY *PERSON* OR ORGANIZATION WHO MAY BE LIABLE FOR THE *BODILY INJURY*;

2. FOR PAIN, SUFFERING OR OTHER NONMONETARY DAMAGES SUSTAINED BY AN *INSURED* IF THE *BODILY INJURY* IS NOT A *SERIOUS INJURY* AND THE LIMITATION OF SECTION 1731(d)(2) OF TITLE 75 OF THE PENNSYLVANIA CONSOLIDATED STATUTES APPLIES;

3. FOR AN *INSURED* WHOSE *BODILY INJURY* RESULTS FROM THE DISCHARGE OF A FIREARM;

4. TO THE EXTENT IT BENEFITS:

   a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;

   b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR

   c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES;

5. FOR PUNITIVE OR EXEMPLARY DAMAGES; OR

6. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION.

**Exclusions – Coverage W**

THERE IS NO COVERAGE FOR AN *INSURED* WHO SUSTAINS *BODILY INJURY* WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY* THAT *INSURED* IF THE VEHICLE IS NOT INSURED FOR UNDERINSURED MOTOR VEHICLE COVERAGE UNDER THIS POLICY OR ANY OTHER POLICY.

**Exclusions – Coverage W3**

THERE IS NO COVERAGE FOR AN *INSURED* WHO SUSTAINS *BODILY INJURY* WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY YOU* OR ANY *RESIDENT RELATIVE* IF IT IS NOT *YOUR CAR* OR A *NEWLY ACQUIRED CAR*.

This exclusion does not apply to the first *person* shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured, while *occupying* a motor vehicle not *owned by* one or both of them.

**If Other Underinsured Motor Vehicle Coverage Applies – Coverage W**

1. If underinsured motor vehicle coverage for *bodily injury* is available to an *insured* from more than one policy provided by *us* or any other insurer, any coverage applicable:

   a. under this policy shall apply on a primary basis if the *insured* sustains *bodily injury* while not *occupying* a motor vehicle or trailer.

   b. to the vehicle covered under this policy which the *insured* was *occupying* when the *bodily injury* was sustained shall apply on a primary basis. Any other coverage provided by this policy shall apply on an excess basis.

   c. under this policy shall apply on an excess basis if the *insured* sustains *bodily injury* while *occupying* a vehicle other than *your car.*

2. Subject to item 1 above, if this policy and one or more other policies provide coverage for *bodily injury*:

   a. on a primary basis, *we* are liable only for our share. *Our* share is that percent of the damages payable on a primary basis that the limit of liability of this coverage bears to the total of all

26
9838A

Case ID: 220901170

applicable underinsured motor vehicle coverage on a primary basis.

b.  on an excess basis, *we* are liable only for our share. *Our* share is that percent of the damages payable on an excess basis that the limit of liability of this coverage bears to the total of all applicable underinsured motor vehicle coverage provided on an excess basis.

**If Other Underinsured Motor Vehicle Coverage Applies – Coverage W3**

1.  If Underinsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to *you* or any *resident relative* by one or more of the *State Farm Companies* apply to the same *bodily injury*, then:

a.  the Underinsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and

b.  the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. *We* may choose one or more policies from which to make payment.

2.  The Underinsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an *insured* who sustains *bodily injury* while *occupying your car*.

a.  If:

(1)  this is the only vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides Underinsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

(2)  underinsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

then *we* will pay the proportion of damages payable as primary that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other underinsured motor vehicle coverage that apply as primary coverage.

b.  If:

(1)  more than one vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* provides Underinsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

(2)  underinsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

then the *State Farm Companies* will pay the proportion of damages payable as primary that the maximum amount that may be paid by the *State Farm Companies* as determined in 1. above bears to the sum of such amount and the limits of all other underinsured motor vehicle coverage that apply as primary coverage.

3.  Except as provided in 2. above, the Underinsured Motor Vehicle Coverage provided by this policy applies as excess coverage.

a.  If:

(1)  this is the only vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides Underinsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(2)  underinsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same accident,

27

9838A

Case ID: 220901170

then *we* will pay the proportion of damages payable as excess that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other underinsured motor vehicle coverage that apply as excess coverage.

b. If:

(1) more than one vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* provides Underinsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(2) underinsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same accident,

then the *State Farm Companies* will pay the proportion of damages payable as excess that the maximum amount that may be paid by the *State Farm Companies* as determined in 1. above bears to the sum of such amount and the limits of all other underinsured motor vehicle coverage that apply as excess coverage.

**Our Payment Options – Coverages W and W3**

*We* may, at *our* option, make payment to one or more of the following:

1. The *insured*;

2. The *insured's* surviving spouse;

3. A parent or guardian of the *insured*, if the *insured* is a minor or an incompetent *person*; or

4. A *person* authorized by law to receive such payment.

## PHYSICAL DAMAGE COVERAGES

The physical damage coverages are Comprehensive Coverage, Collision Coverage, Emergency Road Service Coverage, and Car Rental and Travel Expenses Coverage.

This policy provides:

1. Comprehensive Coverage if "D";

2. Collision Coverage if "G";

3. Emergency Road Service Coverage if "H";

4. Car Rental and Travel Expenses Coverage if "R1"

to the vehicles for which the corresponding symbols and premiums are shown on the Declarations Page.

If a deductible applies to Comprehensive Coverage, then it is shown on the Declarations Page. The deductible that applies to Collision Coverage is shown on the Declarations Page.

**Additional Definitions**

*Covered Vehicle* means:

1. *your car*;

2. a *newly acquired car*;

3. a *temporary substitute car*;

4. a camper that is designed to be mounted on a pickup truck and shown on the Declarations Page;

5. a *non-owned car* while it is:

a. being driven by an *insured*; or

b. in the custody of an *insured* if at the time of the *loss* it is:

(1) not being driven; or

(2) being driven by a *person* other than an *insured* and being *occupied* by an *insured*; and

28
9838A

Case ID: 220901170

6. a *non-owned trailer* and a *non-owned camper* while it is being used by an *insured*;

including its parts and its equipment that are common to the use of the vehicle as a vehicle. However, parts and equipment of *trailers* and campers must be securely fixed as a permanent part of the *trailer* or camper.

*Daily rental charge* means the sum of:

1. the daily rental rate;

2. mileage charges; and

3. related taxes.

*Insured* means *you* and *resident relatives*.

*Loss* means:

1. direct, sudden, and accidental damage to; or

2. total or partial theft of

a *covered vehicle*. *Loss* does not include any reduction in the value of any *covered vehicle* after it has been repaired, as compared to its value before it was damaged.

*Loss Caused By Collision* means a *loss* caused by:

1. a *covered vehicle* hitting or being hit by another vehicle or other object; or

2. the overturning of a *covered vehicle*.

Any *loss* caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal is not a *Loss Caused By Collision*.

*Non-Owned Camper* means a camper designed to be mounted on a pickup truck that is in the lawful possession of an *insured* and that neither:

1. is *owned by*:

   a. an *insured*;

   b. any other *person* who resides primarily in *your* household; or

c. an employer of any *person* described in a. or b. above; nor

2. has been used by, rented by, or in the possession of an *insured* during any part of each of the 31 or more consecutive days immediately prior to the date of the *loss*.

*Non-Owned Trailer* means a *trailer* that is in the lawful possession of an *insured* and that neither:

1. is *owned by*:

   a. an *insured*;

   b. any other *person* who resides primarily in *your* household; or

   c. an employer of any *person* described in a. or b. above; nor

2. has been used by, rented by, or in the possession of an *insured* during any part of each of the 31 or more consecutive days immediately prior to the date of the *loss*.

**Insuring Agreements**

1. **Comprehensive Coverage**

   *We* will pay:

   a. for *loss*, except *loss caused by collision*, to a *covered vehicle*; and

   b. transportation expenses incurred by an *insured* as a result of the total theft of *your car* or a *newly acquired car*. These transportation expenses are payable:

      (1) during the period that:

         (a) starts on the date *you* report the theft to *us*; and

         (b) ends on the earliest of:

            (i) the date the vehicle is returned to *your* possession in a drivable condition;

            (ii) the date *we* offer to pay *you* for the *loss* if the vehicle has not yet been recovered; or

Case ID: 220901170

(iii) the date *we* offer to pay *you* for the *loss* if the vehicle is recovered, but is a total loss as determined by *us*; and

(2) during the period that:

    (a) starts on the date the vehicle is left at a repair facility if the stolen vehicle is recovered, returned to *your* possession in a drivable condition, and has unrepaired damage that resulted from the total theft; and

    (b) ends on the date the vehicle is repaired.

These transportation expenses must be reported to *us* before *we* will pay such incurred expenses.

## 2. Collision Coverage

*We* will pay for *loss caused by collision* to a *covered vehicle*.

## 3. Emergency Road Service Coverage

*We* will pay the fair cost incurred by an *insured* for:

a. up to one hour of labor to repair a *covered vehicle* at the place of its breakdown;

b. towing to the nearest repair facility where necessary repairs can be made if a *covered vehicle* is not drivable;

c. towing a *covered vehicle* out of a location where it is stuck if the vehicle is on or immediately next to a public road;

d. delivery of gas, oil, battery, or tire necessary to return a *covered vehicle* to driving condition. *We* do not pay the cost of the gas, oil, battery, or tire; and

e. up to one hour of labor for locksmith services to unlock a *covered vehicle* if its key is lost, stolen, or locked inside the vehicle.

## 4. Car Rental and Travel Expenses Coverage

### a. Car Rental Expense

*We* will pay the *daily rental charge* incurred when *you* rent a *car* from a *car business* while *your car* or a *newly acquired car* is:

(1) not drivable; or

(2) being repaired

as a result of a *loss* which would be payable under Comprehensive Coverage or Collision Coverage.

*We* will pay the *daily rental charge* incurred during a period that:

(1) starts on the date:

    (a) the vehicle is not drivable as a result of the *loss*; or

    (b) the vehicle is left at a repair facility if the vehicle is drivable; and

(2) ends on the earliest of:

    (a) the date the vehicle has been repaired or replaced;

    (b) the date *we* offer to pay *you* for the *loss* if the vehicle is repairable but *you* choose to delay repairs; or

    (c) five days after *we* offer to pay *you* for the *loss* if the vehicle is:

        (i) a total loss as determined by *us*; or

        (ii) stolen and not recovered.

The amount of any such *daily rental charge* incurred by *you* must be reported to *us* before *we* will pay such amount.

### b. Travel Expenses

*We* will pay expenses for commercial transportation, lodging, and meals if *your car* or a *newly acquired car* is not

30
9838A

Case ID: 220901170

drivable as a result of a *loss* which would be payable under Comprehensive Coverage or Collision Coverage. The *loss* must occur more than 50 miles from *your* home. *We* will pay these expenses if they are incurred by:

(1) an *insured* during the period that:

    (a) starts after the *loss* occurs; and

    (b) ends on the earlier of:

        (i) the *insured's* arrival at his or her destination or home if the vehicle is left behind for repairs; or

        (ii) the repair of the vehicle if the *insured* waits for repairs before continuing on to his or her destination or returning home; and

(2) *you*, or any *person you* choose, to travel to retrieve the vehicle and drive it to either the original destination or *your* home if the vehicle was left behind for repairs.

These expenses must be reported to *us* before *we* will pay such incurred expenses.

**c. Rental Car – Repayment of Deductible Expense**

*We* will pay the comprehensive deductible or collision deductible an *insured* is required to pay the owner of a *car* rented from a *car business*.

**Supplementary Payments – Comprehensive Coverage and Collision Coverage**

If Symbol "D" is shown on the Declarations Page and the corresponding *covered vehicle* sustains *loss* for which *we* make a payment under Comprehensive Coverage, or if Symbol "G" is shown on the Declarations Page and the corresponding *covered vehicle* sustains *loss* for which *we* make a payment under Collision Coverage, then *we* will pay reasonable expenses incurred to:

1. tow the *covered vehicle* immediately after the *loss*:

    a. for a reasonable distance from the location of the *loss* to any one repair facility chosen by an *insured* or the owner of the *covered vehicle*, if the *covered vehicle* is not drivable; or

    b. to any one repair facility or commercial storage facility, neither of which was chosen by an *insured* or the owner of the *covered vehicle*. *We* will also pay reasonable expenses incurred to tow the *covered vehicle* for a reasonable distance from this facility to any one repair facility chosen by an *insured* or the owner of the *covered vehicle*, if the *covered vehicle* is not drivable.

2. store the *covered vehicle*, if it is not drivable immediately after the *loss*, at:

    a. any one repair facility or commercial storage facility, neither of which was chosen by an *insured* or the owner of the *covered vehicle*; and

    b. any one repair facility chosen by the owner of the *covered vehicle*, and *we* determine such vehicle is a total loss.

If the owner of the *covered vehicle* consents, then *we* may move the *covered vehicle* at *our* expense to reduce storage costs. If the owner of the *covered vehicle* does not consent, then *we* will pay only the storage costs that would have resulted if *we* had moved the damaged *covered vehicle*; and

3. clean up debris from the *covered vehicle* at the location of the *loss*. The most *we* will pay to clean up the debris is $250 for any one *loss*.

**Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage**

1. *We* have the right to choose to settle with *you* or the owner of the *covered vehicle* in one of the following ways:

Case ID: 220901170

a. Pay the cost to repair the *covered vehicle* minus any applicable deductible.

(1) *We* have the right to choose one of the following to determine the cost to repair the *covered vehicle*:

(a) The cost agreed to by both the owner of the *covered vehicle* and *us*;

(b) A bid or repair estimate approved by *us*; or

(c) A repair estimate that is written based upon or adjusted to:

(i) the prevailing competitive price;

(ii) the lower of paintless dent repair pricing established by an agreement *we* have with a third party or the paintless dent repair price that is competitive in the market; or

(iii) a combination of (i) and (ii) above.

The prevailing competitive price means prices charged by a majority of the repair market in the area where the *covered vehicle* is to be repaired as determined by a survey made by *us*. If asked, *we* will identify some facilities that will perform the repairs at the prevailing competitive price. The estimate will include parts sufficient to restore the *covered vehicle* to its pre-loss condition.

*You* agree with *us* that the repair estimate may include new, used, recycled, and reconditioned parts. Any of these parts may be either original equipment manufacturer parts or non-original equipment manufacturer parts.

*You* also agree that replacement glass need not have any insignia, logo, trademark, etching, or other marking that was on the replaced glass.

(2) The cost to repair the *covered vehicle* does not include any reduction in the value of the *covered vehicle* after it has been repaired, as compared to its value before it was damaged.

(3) If the repair or replacement of a part results in betterment of that part, then *you* or the owner of the *covered vehicle* must pay for the amount of the betterment.

(4) If *you* and *we* agree, then windshield glass will be repaired instead of replaced.

b. Pay the actual cash value of the *covered vehicle* minus any applicable deductible.

(1) The owner of the *covered vehicle* and *we* must agree upon the actual cash value of the *covered vehicle*. If there is disagreement as to the actual cash value of the *covered vehicle*, then the disagreement will be resolved by appraisal upon written request of the owner or *us*, using the following procedures:

(a) The owner and *we* will each select a competent appraiser.

(b) The two appraisers will select a third competent appraiser. If they are unable to agree on a third appraiser within 30 days, then either the owner or *we* may petition a court that has jurisdiction to select the third appraiser.

(c) Each party will pay the cost of its own appraiser, attorneys, and expert witnesses, as well as any other expenses incurred

Case ID: 220901170

by that party. Both parties will share equally the cost of the third appraiser.

(d) The appraisers shall only determine the actual cash value of the *covered vehicle*. Appraisers shall have no authority to decide any other questions of fact, decide any questions of law, or conduct appraisal on a class-wide or class-representative basis.

(e) A written appraisal that is both agreed upon by and signed by any two appraisers, and that also contains an explanation of how they arrived at their appraisal, will be binding on the owner of the *covered vehicle* and *us*.

(f) *We* do not waive any of *our* rights by submitting to an appraisal.

(2) The damaged *covered vehicle* must be given to *us* in exchange for *our* payment, unless *we* agree that the owner may keep it. If the owner keeps the *covered vehicle*, then *our* payment will be reduced by the value of the *covered vehicle* after the *loss*.

c. Return the stolen *covered vehicle* to its owner and pay, as described in 1.a. above, for any direct, sudden, and accidental damage that resulted from the theft.

2. The most *we* will pay for transportation expenses under Comprehensive Coverage is $25 per day subject to an aggregate limit of $750 per *loss*.

3. The most *we* will pay for *loss* to a *non-owned trailer* or a *non-owned camper* is $2,500.

## Limits – Car Rental and Travel Expenses Coverage

1. **Car Rental Expense**

   The limit for Car Rental Expense is shown on the Declarations Page under "Limit – Car Rental Expense – Each Day, Each Loss".

   a. The limit shown under "Each Day" is the most *we* will pay for the *daily rental charge*. If:

      (1) a dollar amount is shown, then *we* will pay the *daily rental charge* up to that dollar amount;

      (2) a percentage amount is shown, then *we* will pay that percentage of the *daily rental charge*.

   b. Subject to the "Each Day" limit, the limit shown under "Each Loss" is the most *we* will pay for Car Rental Expense incurred as a result of any one *loss*.

2. **Travel Expenses**

   The most *we* will pay for Travel Expenses incurred by all *insureds* as a result of any one *loss* is $500.

3. **Rental Car – Repayment of Deductible Expense**

   The most *we* will pay for Rental Car – Repayment of Deductible Expense incurred as a result of any one *loss* is $500.

### Nonduplication

*We* will not pay for any *loss* or expense under the Physical Damage Coverages for which the *insured* or owner of the *covered vehicle* has already received payment from, or on behalf of, a party who is legally liable for the *loss* or expense.

### Exclusions

THERE IS NO COVERAGE FOR:

1. ANY *COVERED VEHICLE* THAT IS:

Case ID: 220901170

a. INTENTIONALLY DAMAGED; OR

b. STOLEN

BY OR AT THE DIRECTION OF AN *INSURED*;

2. ANY *COVERED VEHICLE* WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN *INSURED*;

3. ANY *COVERED VEHICLE* WHILE IT IS USED TO CARRY *PERSONS* FOR A CHARGE. This exclusion does not apply to the use of a *private passenger car* on a share-the-expense basis;

4. ANY *COVERED VEHICLE* DUE TO:

a. THEFT;

b. CONVERSION;

c. EMBEZZLEMENT; OR

d. SECRETION

BY AN *INSURED*, A CONSIGNEE, AN AGENT OF A CONSIGNEE, OR A *PERSON* WHO OBTAINS POSSESSION OF THE *COVERED VEHICLE* WITH THE PERMISSION OF A CONSIGNEE OR AGENT OF A CONSIGNEE;

5. *LOSS* TO *YOUR CAR* OR A *NEWLY ACQUIRED CAR* IF AN *INSURED* VOLUNTARILY RELINQUISHES POSSESSION OF THAT *CAR* TO A *PERSON* OR ORGANIZATION UNDER AN ACTUAL OR PRESUMED SALES AGREEMENT;

6. ANY *COVERED VEHICLE* TO THE EXTENT *OUR* PAYMENT WOULD BENEFIT ANY CARRIER OR OTHER BAILEE FOR HIRE THAT IS LIABLE FOR *LOSS* TO SUCH *COVERED VEHICLE*;

7. *LOSS* TO ANY *COVERED VEHICLE* DUE TO *FUNGI*. THIS APPLIES REGARDLESS OF WHETHER OR NOT THE *FUNGI* RESULT FROM A *LOSS* THAT IS PAYABLE UNDER ANY OF THE PHYSICAL DAMAGE COVERAGES. *WE* WILL ALSO NOT PAY FOR ANY TESTING OR REMEDIATION OF *FUNGI*, OR ANY ADDITIONAL COSTS REQUIRED TO REPAIR ANY *COVERED VEHICLE* THAT ARE DUE TO THE EXISTENCE OF *FUNGI*;

8. *LOSS* TO ANY *COVERED VEHICLE* THAT RESULTS FROM:

a. NUCLEAR REACTION;

b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR

c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

9. *LOSS* TO ANY *COVERED VEHICLE* THAT RESULTS FROM THE TAKING OF OR SEIZURE OF THAT *COVERED VEHICLE* BY ANY GOVERNMENTAL AUTHORITY;

10. *LOSS* TO ANY *COVERED VEHICLE* THAT RESULTS FROM WAR OF ANY KIND;

11. *YOUR CAR* WHILE SUBJECT TO ANY:

a. LIEN AGREEMENT;

b. RENTAL AGREEMENT;

c. LEASE AGREEMENT; OR

d. SALES AGREEMENT

NOT SHOWN ON THE DECLARATIONS PAGE;

12. ANY *NON-OWNED CAR* WHILE IT IS:

a. BEING MAINTAINED OR USED BY ANY *PERSON* WHILE THAT *PERSON* IS EMPLOYED IN OR ENGAGED IN ANY WAY IN A *CAR BUSINESS*; OR

b. USED IN ANY BUSINESS OR OCCUPATION OTHER THAN A *CAR BUSINESS*. This exclusion (12.b.) does not apply to a *private passenger car*;

Case ID: 220901170

13. ANY PART OR EQUIPMENT OF A *COVERED VEHICLE* IF THAT PART OR EQUIPMENT:

   a. FAILS OR IS DEFECTIVE; OR

   b. IS DAMAGED AS A DIRECT RESULT OF:

     (1) WEAR AND TEAR;

     (2) FREEZING; OR

     (3) MECHANICAL, ELECTRICAL, OR ELECTRONIC BREAKDOWN OR MALFUNCTION

    OF THAT PART OR EQUIPMENT.

This exclusion does not apply if the *loss* is the result of theft of the *covered vehicle*;

14. ANY PART OR EQUIPMENT:

   a. THAT IS NOT LEGAL FOR USE IN OR ON THE *COVERED VEHICLE* IN THE JURISDICTION WHERE THE *COVERED VEHICLE* IS REGISTERED; OR

   b. THE USE OF WHICH IS NOT LEGAL IN THE JURISDICTION WHERE THE *COVERED VEHICLE* IS REGISTERED BECAUSE OF HOW OR WHERE THAT PART OR EQUIPMENT IS INSTALLED IN OR ON THE *COVERED VEHICLE*.

However, if there is a legal version of the part or equipment that is necessary for the safe operation of the *covered vehicle*, then *we* will pay the cost that *we* would otherwise have paid to repair the vehicle with the legal version of the part or equipment. *We* will not pay any cost necessary to modify the vehicle for installation of the legal version of the part or equipment;

15. TIRES. This exclusion does not apply if:

   a. *loss* is caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal; or

   b. *loss caused by collision* to another part of the *covered vehicle* causes *loss* to tires;

16. REMOVABLE PRODUCTS USED FOR STORAGE OF AUDIO, VIDEO, OR OTHER DATA, INCLUDING BUT NOT LIMITED TO TAPES, DISCS, AND MEMORY CARDS, NOR IS THERE COVERAGE FOR THE RECONSTRUCTION OF DATA CONTAINED THEREIN;

17. ANY EQUIPMENT USED TO DETECT OR INTERFERE WITH SPEED MEASURING DEVICES;

18. A CAMPER, INCLUDING ITS PARTS AND ITS EQUIPMENT, THAT IS:

   a. DESIGNED TO BE MOUNTED ON A PICKUP TRUCK;

   b. *OWNED BY* AN *INSURED*; AND

   c. NOT SHOWN ON THE DECLARATIONS PAGE; OR

19. ANY *COVERED VEHICLE* WHILE IT IS:

   a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

   b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING. This exclusion does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving.

**If Other Physical Damage Coverage or Similar Coverage Applies**

1. If the same *loss* or expense is payable under more than one of the physical damage coverages provided by this policy, then only the one coverage that pays the most for that *loss* or expense applies.

35
9838A

Case ID: 220901170

2. If any of the physical damage coverages provided by this policy and one or more other policies issued to an *insured* by one or more of the *State Farm Companies* apply to the same *loss* or expense, then only one policy applies. *We* will select a policy that pays the most for the *loss* or expense.

3. The physical damage coverages provided by this policy apply as primary coverage for a *loss* to *your car*.

   If similar coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same *loss* or expense, then the *State Farm Companies* will pay the proportion of the *loss* or expense payable as primary that the maximum amount that may be paid by the *State Farm Companies* bears to the sum of such amount and the limits of all other similar coverage that applies as primary coverage.

4. Except as provided in 3. above, the physical damage coverages provided by this policy apply as excess coverage.

   If similar coverage provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same *loss* or expense, then the *State Farm Companies* will pay the proportion of the *loss* or expense payable as excess that the maximum amount that may be paid by the *State Farm Companies* bears to the sum of such amount and the limits of all other similar coverage that applies as excess coverage.

**Financed Vehicle**

1. If a creditor is shown on the Declarations Page, then any Comprehensive Coverage or Collision Coverage provided by this policy applies to that creditor's interest in *your car*. Coverage for the creditor's interest is only provided for a *loss* that is payable to *you*.

   However, if this policy is cancelled or nonrenewed, then *we* will provide coverage for the creditor's interest until *we* notify the creditor of the termination of such coverage. This coverage for the creditor's interest is only provided for a *loss* that would have been payable to *you* if this policy had not been cancelled or nonrenewed. The date such termination is effective will be at least 10 days after the date *we* mail or electronically transmit a notice of the termination to the creditor. The mailing or electronic transmittal of the notice will be sufficient proof of notice.

2. If *we* pay such creditor, then *we* are entitled to the creditor's right of recovery against *you* to the extent of *our* payment. *Our* right of recovery does not impair the creditor's right to recover the full amount of its claim.

**Our Payment Options**

1. **Comprehensive Coverage and Collision Coverage**

   a. *We* may, at *our* option, make payment to one or more of the following for *loss* to a *covered vehicle owned by you*:

      (1) *You*;

      (2) The repairer; or

      (3) A creditor shown on the Declarations Page, to the extent of its interest.

   b. *We* may, at *our* option, make payment to one or more of the following for *loss* to a *covered vehicle* not *owned by you*:

      (1) *You*;

      (2) The owner of such vehicle;

      (3) The repairer; or

      (4) A creditor, to the extent of its interest.

36
9838A

Case ID: 220901170

**2. Emergency Road Service Coverage and Car Rental and Travel Expenses Coverage**

*We* may, at *our* option, make payment to one or more of the following:

a. *You*;

b. The *insured* who incurred the expense; or

c. Any party that provided the service for which payment is owed.

## INSURED'S DUTIES

**1. Notice to Us of an Accident or Loss**

The *insured* must give *us* or one of *our* agents notice of the accident or *loss* as soon as reasonably possible. The notice must give *us*:

a. *your* name;

b. the names and addresses of all *persons* involved in the accident or *loss*;

c. the hour, date, place, and facts of the accident or *loss*; and

d. the names and addresses of witnesses to the accident or *loss*.

**2. Notice to Us of a Claim or Lawsuit**

a. If a claim is made against an *insured*, then that *insured* must immediately send *us* every demand, notice, and claim received.

b. If a lawsuit is filed against an *insured*, then that *insured* must immediately send *us* every summons and legal process received.

**3. Insured's Duty to Cooperate With Us**

a. The *insured* must cooperate with *us* and, when asked, assist *us* in:

   (1) making settlements;

   (2) securing and giving evidence; and

   (3) attending, and getting witnesses to attend, depositions, hearings, and trials.

b. The *insured* must not, except at his or her own cost, voluntarily:

   (1) make any payment to others; or

   (2) assume any obligation to others

   unless authorized by the terms of this policy.

c. Any *person* or organization making claim under this policy must, when *we* require, give *us* proof of loss on forms *we* furnish. This does not apply under the First Party Coverages if *we* fail to supply the forms within 10 days after receiving the notice of claim.

**4. Questioning Under Oath**

Under:

a. Liability Coverage, each *insured*;

b. First Party Coverages, Uninsured Motor Vehicle Coverages, and Underinsured Motor Vehicle Coverages, each *insured*, or any other *person* or organization making claim or seeking payment; and

c. Physical Damage Coverages, each *insured* or owner of a *covered vehicle*, or any other *person* or organization making claim or seeking payment;

must, at *our* option, submit to an examination under oath, provide a statement under oath, or do both, as reasonably often as *we* require. Such *person* or organization must answer questions under oath, asked by

Case ID: 220901170

anyone *we* name, and sign copies of the answers. *We* may require each *person* or organization answering questions under oath to answer the questions with only that *person's* or organization's legal representative, *our* representatives, any *person* or *persons* designated by *us* to record the questions and answers, and no other *person* present.

**5. Other Duties Under the Physical Damage Coverages**

When there is a *loss*, *you* or the owner of the *covered vehicle* must:

a. protect the *covered vehicle* from additional damage. *We* will pay any reasonable expense incurred to do so that is reported to *us*;

b. make a prompt report to the police when the *loss* is the result of theft;

c. allow *us* to:

(1) inspect any damaged property before its repair or disposal;

(2) test any part or equipment before that part or equipment is removed or repaired; and

(3) move the *covered vehicle* at *our* expense in order to conduct such inspection or testing;

d. provide *us* all:

(1) records;

(2) receipts; and

(3) invoices

that *we* request and allow *us* to make copies; and

e. not abandon the *covered vehicle* to *us*.

**6. Other Duties Under First Party Coverages, Uninsured Motor Vehicle Coverages, and Underinsured Motor Vehicle Coverages**

A *person* making claim under:

a. First Party Coverages, Uninsured Motor Vehicle Coverages, and Underinsured Motor Vehicle Coverages must notify *us* of the claim and give *us* all the details about the death, injury, treatment, and other information that *we* may need as soon as reasonably possible after the injured *insured* is first examined or treated for the injury. If the *insured* is unable to give *us* notice, then any other *person* may give *us* the required notice;

b. First Party Coverages must authorize *us* to obtain all medical bills, reports, and records. If the *person* is dead or unable to act, his or her legal representative shall give *us* the authorization;

c. Uninsured Motor Vehicle Coverages and Underinsured Motor Vehicle Coverages must:

(1) be examined as reasonably often as *we* may require by physicians chosen and paid by *us*. A copy of the report will be sent to the *person* upon written request;

(2) provide written authorization for *us* to obtain:

(a) medical bills;

(b) medical records;

(c) wage, salary, employment, tax, business, and financial information; and

(d) any other information *we* deem necessary to substantiate the claim.

If an injured *insured* is a minor, unable to act, or dead, then his or her legal representative must provide *us* with the written authorization.

If the holder of the information refuses to provide it to *us* despite the authorization, then at *our* request

38
9838A

Case ID: 220901170

the **person** making claim or his or her legal representative must obtain the information and promptly provide it to **us**; and

(3) allow **us** to inspect the vehicle that the **insured occupied** in the accident;

(4) send **us** immediately a copy of all lawsuit papers if the **insured** files

a lawsuit against the party liable for the accident; and

d. Uninsured Motor Vehicle Coverages must report an accident, involving a motor vehicle whose owner and driver remain unknown, to the police as soon as practicable and to **us** within 30 days or as soon as practicable.

## GENERAL TERMS

1. **When Coverage Applies**

   The coverages provided by this policy are shown on the Declarations Page and apply to accidents and **losses** that occur during the policy period. The policy period is shown on the Declarations Page and is for successive periods of six months each for which the renewal premium is paid. The policy period begins and ends at 12:01 AM Standard Time at the address shown on the Declarations Page.

2. **Where Coverage Applies**

   The coverages provided by this policy are shown on the Declarations Page and apply to accidents and **losses** that occur:

   a. in the United States of America and its territories and possessions;

   b. in Canada; and

   c. while a vehicle for which coverage is provided by this policy is being shipped between the ports of the United States of America, its territories, its possessions, and Canada.

3. **Newly Owned or Newly Leased Car**

   If **you** want to insure a **car** newly **owned by you** with the **State Farm Companies** after that **car** ceases to be a **newly acquired car**, then **you** must either:

a. request **we** replace a **car** currently shown on the Declarations Page of this policy with the **car** newly **owned by you** and pay **us** any added amount due. If **you** make such request while this policy is in force and:

   (1) before the **car** newly **owned by you** ceases to be a **newly acquired car**, then that **car** newly **owned by you** will be insured by this policy as **your car** beginning on the date the **car** newly **owned by you** is delivered to **you**. The added amount due will be calculated based on that date; or

   (2) after the **car** newly **owned by you** ceases to be a **newly acquired car**, then that **car** newly **owned by you** will be insured by this policy as **your car** beginning on the date and time **you** make the request. The added amount due will be calculated based on that date; or

b. apply to the **State Farm Companies** for separate coverage to insure the **car** newly **owned by you**. Such coverage will be provided only if both the applicant and the vehicle are eligible for coverage at the time of the application.

39
9838A

Case ID: 220901170

**4. Changes to This Policy**

**a. Changes in Policy Provisions**

*We* may only change the provisions of this policy by:

(1) issuing a revised policy booklet, a revised Declarations Page, or an endorsement; or

(2) revising this policy to give broader coverage without an additional premium charge. If any coverage provided by this policy is changed to give broader coverage, then *we* will give *you* the broader coverage as of the date *we* make the change effective in the state of Pennsylvania without issuing a revised policy booklet, a revised Declarations Page, or an endorsement.

**b. Change of Interest**

(1) No change of interest in this policy is effective unless *we* consent in writing.

(2) Except under Death, Dismemberment and Loss of Sight Coverage, if a named insured dies, then the definition of *insured* under each of the coverages provided by this policy is changed to include:

(a) any *person* with lawful custody of *your car*, a *newly acquired car*, or a *temporary substitute car* until a legal representative is qualified; and then

(b) the legal representative of the deceased named insured.

This only applies while such *person* is maintaining or using *your car*, a *newly acquired car*, or a *temporary substitute car*.

Policy notice requirements are met by mailing the notice to the deceased named insured's last known address.

**c. Joint and Individual Interests**

If *you* consists of more than one *person* or entity, then each acts for all to change or cancel the policy.

**5. Premium**

a. Unless as otherwise provided by an alternative payment plan in effect with the *State Farm Companies* with respect to the premium for this policy, the premium is due and payable in full on or before the first day of the policy period shown on the most recently issued Declarations Page or Renewal Notice.

b. The renewal premium for this policy will be based upon the rates in effect, the coverages carried, the applicable limits, deductibles, and other elements that affect the premium that apply at the time of renewal.

c. The premium for this policy may vary based upon the purchase of other insurance from the *State Farm Companies*.

d. The premium for this policy is based upon information *we* have received from *you* or other sources. *You* must inform *us* if any information regarding the following is incorrect or incomplete, or changes during the policy period, and *you* must answer questions *we* ask regarding the following:

(1) *Your car*, or its use, including annual mileage;

(2) The *persons* who regularly drive *your car*, including newly licensed family members;

(3) *Your* marital status; or

(4) The location where *your car* is primarily garaged.

If the above information or any other information used to determine the premium is incorrect, incomplete,

40
9838A

Case ID: 220901170

changes during the policy period, or is not provided to *us* when *we* ask, then *we* may decrease or increase the premium during the policy period. If *we* decrease the premium during the policy period, then *we* will provide a refund or a credit in the amount of the decrease. If *we* increase the premium during the policy period, then *you* must pay the amount of the increase.

**6.  Renewal**

*We* agree to renew this policy for the next policy period upon payment of the renewal premium when due, unless *we* mail or deliver a nonrenewal notice or a cancellation notice as set forth in 7. and 8. below.

**7.  Nonrenewal**

If *we* decide not to renew this policy:

a.  because a named insured's driver's license or motor vehicle registration has been under suspension or revocation during the policy period, then at least 15 days before the end of the current policy period; or

b.  for any other reason, then at least 60 days before the end of the current policy period

*we* will mail or deliver a nonrenewal notice to the most recent address provided to *us* by *you* as the policy address. The mailing of the notice will be sufficient proof of notice.

**8.  Cancellation**

**a.  How You May Cancel**

*You* may cancel this policy by providing to *us* advance notice of the date cancellation is effective. *We* may confirm the cancellation in writing.

**b.  How and When We May Cancel**

*We* may cancel this policy by mailing or delivering a written notice to the most recent address provided to *us* by *you* as the policy address. The notice

will provide the date cancellation is effective.

The mailing of the notice will be sufficient proof of notice.

(1)  If *we* mail or deliver a cancellation notice:

(a)  during the first 59 days following this policy's effective date; or

(b)  because the premium is not paid when due or a named insured's driver's license or motor vehicle registration has been under suspension or revocation during the policy period

then the date cancellation is effective will be at least 15 days after the date *we* mail or deliver the cancellation notice.

(2)  If *we* mail or deliver a cancellation notice after this policy has been in force for more than 59 days and because the insured has misrepresented or concealed facts material to *our* acceptance of the risk, then the date cancellation is effective will be at least 60 days after the date *we* mail or deliver the cancellation notice.

(3)  After this policy has been in force for more than 59 days, *we* will not cancel this policy before the end of the current policy period unless:

(a)  the premium is not paid when due;

(b)  a named insured has had his or her driver's license or motor vehicle registration under suspension or revocation during the policy period. If *we* cancel this policy solely because a named insured's driver's license was suspended or revoked due to such named

41
9838A

Case ID: 220901170

insured's failure to respond to a citation, *we* will reinstate this policy to provide continuous coverage if *you* furnish to *us*, before the cancellation effective date, proof that such named insured has:

(i) responded to all citations; and

(ii) paid all fines and penalties in connection with them; or

(c) the insured has misrepresented or concealed facts material to *our* acceptance of the risk.

**c. Return of Unearned Premium**

If *you* cancel this policy, then premium may be earned on a short rate basis. If *we* cancel this policy, then premium will be earned on a pro rata basis.

Any unearned premium will be returned at the time of cancellation or within:

(1) 30 days after *we* cancel this policy; or

(2) a reasonable time after cancellation if *you* cancel this policy.

Delay in the return of any unearned premium does not affect the cancellation date.

**9. Assignment**

No assignment of benefits or other transfer of rights is binding upon *us* unless approved by *us*.

**10. Bankruptcy or Insolvency of the Insured**

Bankruptcy or insolvency of the *insured* or his or her estate will not relieve *us* of *our* obligations under this policy.

**11. Concealment or Fraud**

There is no coverage under this policy if *you* or any other *person* insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

**12. Our Right to Recover Our Payments**

Death, Dismemberment and Loss of Sight Coverage payments are not recoverable by *us*. Under all other coverages the following apply:

**a. Subrogation**

If *we* are obligated under this policy to make payment to or for a *person* or organization who has a legal right to collect from another *person* or organization, then *we* will be subrogated to that right to the extent of *our* payment.

The *person* or organization to or for whom *we* make payment must help *us* recover *our* payments by:

(1) doing nothing to impair that legal right;

(2) executing any documents *we* may need to assert that legal right; and

(3) taking legal action through *our* representatives when *we* ask.

**b. Reimbursement**

If *we* make payment under this policy and the *person* or organization to or for whom *we* make payment recovers or has recovered from another *person* or organization, then the *person* or organization to or for whom *we* make payment must:

(1) hold in trust for *us* the proceeds of any recovery; and

(2) reimburse *us* to the extent of *our* payment.

**13. Legal Action Against Us**

Legal action may not be brought against *us* until there has been full compliance with all the provisions of this policy. In addition, legal action may only be brought against *us* regarding:

42
9838A

Case ID: 220901170

a. Liability Coverage after the amount of damages an *insured* is legally liable to pay has been finally determined by:

   (1) judgment after an actual trial, and any appeals of that judgment if any appeals are taken; or

   (2) agreement between the claimant and *us*.

b. Uninsured Motor Vehicle Coverages and Underinsured Motor Vehicle Coverages if the *insured* or that *insured's* legal representative within two years immediately following the date of the accident:

   (1) presents either an Uninsured Motor Vehicle Coverage claim or an Underinsured Motor Vehicle Coverage claim to *us*; and

   (2) files a lawsuit in accordance with the **Deciding Fault and Amount** provision of the involved coverage.

Except as provided in c.(2) above, no other legal action may be brought against *us* relating to Uninsured Motor Vehicle Coverages or Underinsured Motor Vehicle Coverages for any other causes of action that arise out of or are related to these coverages until there has been full compliance with the provisions titled **Consent to Settlement** and **Deciding Fault and Amount**.

c. Physical Damage Coverages if the legal action relating to these coverages is brought against *us* within one year immediately following the date of the accident or *loss*.

## 14. Choice of Law

Without regard to choice of law rules, the law of the state of:

a. Pennsylvania will control, except as provided in b. below, in the event of any disagreement as to the interpretation and application of any provision in this policy; and

b. Illinois will control in the event of any disagreement as to the interpretation and application of this policy's:

   (1) Mutual Conditions provision found on the most recently issued Declarations Page, if this policy was issued by the State Farm Mutual Automobile Insurance Company; or

   (2) Participating Policy provision found on the most recently issued Declarations Page, if this policy was issued by any subsidiary or affiliate of the State Farm Mutual Automobile Insurance Company.

## 15. Severability

If any provision of this policy is held invalid or unenforceable by a court that has jurisdiction, then:

a. such provision will remain in full force to the extent not held invalid or unenforceable; and

b. all other provisions of this policy will remain valid and enforceable.

Case ID: 220901170

Policy Form 9838A

Case ID: 220901170

## 6128DM AMENDATORY ENDORSEMENT

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

1. **DEFINITIONS**

   *Newly Acquired Car* is changed to read:

   > *Newly Acquired Car* means a *car* newly *owned by you* or a *resident relative*.
   >
   > A *car* ceases to be a *newly acquired car* on the earlier of:
   >
   > 1. the effective date and time of a policy, including any binder, issued by *us* or any other company that describes the *car* as an insured vehicle; or
   >
   > 2. the end of the 14th calendar day immediately following the date the *car* is delivered to *you* or a *resident relative*.
   >
   > The broadest coverage provided by this policy for any *car* shown on the Declarations Page under "YOUR CAR" will apply to a *newly acquired car*.
   >
   > If a *newly acquired car* is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that *newly acquired car*, subject to a deductible of $500.

2. **LIABILITY COVERAGE**

   a. **Additional Definition**

   Item 4. of *Insured* is changed to read:

   > *Insured* means any other *person* or organization vicariously liable for the use of a vehicle by an *insured* as defined in 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is:

   a. neither *owned by*, nor hired by, that other *person* or organization; and

   b. neither available for, nor being used for, carrying *persons* for a charge.

   b. **Exclusions**

   (1) Exclusion 7. is changed to read:

   > THERE IS NO COVERAGE FOR AN *INSURED* FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS:
   >
   > a. MADE AVAILABLE; OR
   >
   > b. BEING USED
   >
   > TO CARRY *PERSONS* FOR A CHARGE. This exclusion does not apply to the use of a *private passenger car* on a share-the-expense basis;

   (2) The language in exclusion 11. that reads:

   > This exclusion does not apply to damage to a:
   >
   > (1) motor vehicle *owned by* the employer of *you* or any *resident relative* if such damage is caused by an *insured* while operating another motor vehicle;
   >
   > (2) residence while rented to or leased to an *insured*; or
   >
   > (3) private garage while rented to or leased to an *insured*;

©, Copyright, State Farm Mutual Automobile Insurance Company, 2016
6128DM

Case ID: 220901170

is changed to read:

This exclusion does not apply to damage to a:

(1) motor vehicle *owned by* the employer of *you* or the employer of any *resident relative* if such damage is caused by an *insured* while operating another motor vehicle;

(2) residence while rented to or leased to an *insured*; or

(3) private garage while rented to or leased to an *insured*;

3. **FIRST PARTY COVERAGES**

a. **Additional Definitions – Coverages C2, Q, Z, Y, and F**

*Resident Relative* is changed to read:

*Resident Relative* means:

1. *your* spouse;

2. anyone related to *you* by blood, marriage or adoption; and

3. a minor in the custody of *you*, *your* spouse or a *person* described in 2. above

if a resident in *your* household, even if temporarily residing elsewhere.

b. **MEDICAL PAYMENTS COVERAGE – COVERAGE C2 AND EXTRAORDINARY MEDICAL PAYMENTS – COVERAGE Q**

The following is added:

THERE IS NO COVERAGE FOR:

1. *YOU* AND *RESIDENT RELATIVES* WHILE:

a. PROVIDING TRANSPORTATION NETWORK SERVICES; OR

b. ***OCCUPYING YOUR CAR, A NEWLY ACQUIRED CAR*, OR A *TEMPORARY SUBSTITUTE CAR*** WHILE SUCH *CAR* IS BEING USED TO PROVIDE TRANSPORTATION NETWORK SERVICES; OR

2. ANY OTHER ***INSURED*** WHO IS EITHER:

a. ***OCCUPYING***; OR

b. NOT ***OCCUPYING*** A *MOTOR VEHICLE*, BUT IS INJURED AS THE RESULT OF AN ACCIDENT INVOLVING

***YOUR CAR*** OR A *NEWLY ACQUIRED CAR* WHILE SUCH *CAR* IS BEING USED TO PROVIDE TRANSPORTATION NETWORK SERVICES.

4. **PHYSICAL DAMAGE COVERAGES**

a. The paragraph that reads:

If a deductible applies to Comprehensive Coverage, then it is shown on the Declarations Page. The deductible that applies to Collision Coverage is shown on the Declarations Page.

is changed to read:

**Deductible**

1. A Comprehensive Coverage deductible applies to those vehicles for which a deductible and a corresponding coverage symbol and premium are shown on the Declarations Page. However, *we* will not deduct more than $500 for any *loss* to a *newly acquired car*.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2016

6128DM

Case ID: 220901170

2. A Collision Coverage deductible applies to those vehicles for which a deductible and a corresponding coverage symbol and premium are shown on the Declarations Page. However, *we* will not deduct more than $500 for any *loss caused by collision* to a *newly acquired car*.

b. **Insuring Agreements**

**Car Rental and Travel Expenses Coverage**

Item 4.a. **Car Rental Expense** is changed to read:

**Car Rental Expense**

*We* will pay the *daily rental charge* incurred when an *insured* rents a *car* from a *car business* while *your car* or a *newly acquired car* is:

(1) not drivable; or

(2) being repaired

as a result of a *loss* which would be payable under Comprehensive Coverage or Collision Coverage.

*We* will pay this *daily rental charge* incurred during a period that:

(1) starts on the date:

(a) the vehicle is not drivable as a result of the *loss*; or

(b) the vehicle is left at a repair facility if the vehicle is drivable; and

(2) ends on the earliest of:

(a) the date the vehicle has been repaired or replaced;

(b) the date *we* offer to pay for the *loss* if the vehicle is repairable but *you* choose to delay repairs; or

(c) seven days after *we* offer to pay for the *loss* if the vehicle is:

(i) a total loss as determined by *us*; or

(ii) stolen and not recovered.

The amount of any such *daily rental charge* incurred by an *insured* must be reported to *us* before *we* will pay such amount.

c. **Exclusions**

Exclusion 3. is changed to read:

THERE IS NO COVERAGE FOR ANY *COVERED VEHICLE* WHILE IT IS:

a. MADE AVAILABLE; OR

b. BEING USED

TO CARRY *PERSONS* FOR A CHARGE. This exclusion does not apply to the use of a *private passenger car* on a share-the-expense basis;

5. **INSURED'S DUTIES**

a. Item 6.c.(2) is changed to read:

A *person* making claim under:

a. Uninsured Motor Vehicle Coverages and Underinsured Motor Vehicle Coverages must:

(2) provide written authorization for *us* to obtain medical bills, medical records, wage information, salary information, employment information, and any other information *we* deem necessary to substantiate the claim.

Such authorizations must not:

©, Copyright, State Farm Mutual Automobile Insurance Company, 2016

6128DM

Case ID: 220901170

(a) restrict *us* from performing *our* business functions in:

    (i) obtaining records, bills, information, and data; nor

    (ii) using or retaining records, bills, information, and data collected or received by *us*;

(b) require *us* to violate federal or state laws or regulations;

(c) prevent *us* from fulfilling *our* data reporting and data retention obligations to insurance regulators; or

(d) prevent *us* from disclosing claim information and data:

    (i) to enable performance of *our* business functions;

    (ii) to meet *our* reporting obligations to insurance regulators;

    (iii) to meet *our* reporting obligations to insurance data consolidators; and

    (iv) as otherwise permitted by law.

If an injured *insured* is a minor, unable to act, or dead, then his or her legal representative must provide *us* with the written authorization.

If the holder of the information refuses to provide it to *us* despite the authorization, then at *our* request the *person* making claim or his or her legal representative must obtain the information and promptly provide it to *us*; and

b. The following is added to item 6.:

A *person* making claim under First Party Coverages, Uninsured Motor Vehicle Coverages, and Underinsured Motor Vehicle Coverages must submit to *us* all information *we* need to comply with federal and state laws and regulations.

6. **GENERAL TERMS**

a. The following is added to **Newly Owned or Newly Leased Car**:

If a *resident relative* wants to insure a *car* newly *owned by* the *resident relative* with the **State Farm Companies** after that *car* ceases to be a *newly acquired car*, then the *resident relative* must apply to the **State Farm Companies** for a separate policy to insure the *car* newly *owned by* the *resident relative*. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

b. The following are added to **GENERAL TERMS**:

**Electronic Delivery**

With *your* consent, *we* may, if allowed by law, electronically deliver any document or notice, including a notice to renew, nonrenew, or cancel, instead of mailing it or delivering it by other means. Proof of transmission will be sufficient proof of notice.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2016

6128DM

Case ID: 220901170

**Our Rights Regarding Claim Information**

a.  *We* will collect, receive, obtain, use, and retain all the items described in item b.(1) below and use and retain the information described in item b.(3)(b) below, in accordance with applicable federal and state laws and regulations and consistent with the performance of *our* business functions.

b.  Subject to a. above, *we* will not be restricted in or prohibited from:

   (1) collecting, receiving, or obtaining records, receipts, invoices, medical bills, medical records, wage information, salary information, employment information, data, and any other information;

   (2) using any of the items described in item b.(1) above; or

   (3) retaining:

      (a) any of the items in item b.(1) above; or

      (b) any other information *we* have in *our* possession as a result of *our* processing, handling, or otherwise resolving claims submitted under this policy.

c.  *We* may disclose any of the items in item b.(1) above and any of the information described in item b.(3)(b) above:

   (1) to enable performance of *our* business functions;

   (2) to meet *our* reporting obligations to insurance regulators;

   (3) to meet *our* reporting obligations to insurance data consolidators;

   (4) to meet other obligations required by law; and

   (5) as otherwise permitted by law.

d.  *Our* rights under a., b., and c. above shall not be impaired by any:

   (1) authorization related to any claim submitted under this policy; or

   (2) act or omission of an *insured* or a legal representative acting on an *insured's* behalf.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2016

6128DM

Case ID: 220901170

## 6126LN AMENDATORY ENDORSEMENT

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

1. **THIS POLICY**

   The following is added (this replaces item 1. of endorsement 6938A.1):

   5. *Your* purchase of this policy may allow:

      a. *you* to purchase or obtain certain coverages, coverage options, coverage deductibles, coverage limits, or coverage terms on other products from the *State Farm Companies*, subject to their applicable eligibility rules; or

      b. the premium or price for other: (1) insurance; (2) financial; (3) vehicle; (4) home; (5) electronic; or (6) travel products or services purchased by *you*, including non-insurance products or services, to vary. Such other products or services must be provided by the *State Farm Companies* or by an organization that has entered into an agreement or contract with the *State Farm Companies*. The *State Farm Companies* do not warrant the merchantability, fitness, or quality of any product or service offered or provided by that organization.

2. **LIABILITY COVERAGE**

   **Insuring Agreement** and **Supplementary Payments** are replaced by the following:

   **Insuring Agreement**

   1. *We* will pay damages an *insured* becomes legally liable to pay because of:

      a. *bodily injury* to others; and

      b. damage to property

caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy.

2. *We* have the right to:

   a. investigate, negotiate, and settle any claim or lawsuit;

   b. defend an *insured* in any claim or lawsuit, with attorneys chosen by *us*; and

   c. appeal any award or legal decision for damages payable under this policy's Liability Coverage.

**Supplementary Payments**

*We* will pay, in addition to the damages described in the **Insuring Agreement** of this policy's Liability Coverage, those items listed below that result from such accident:

1. Attorney fees for attorneys chosen by *us* to defend an *insured* who is sued for such damages. *We* have no duty to pay attorney fees incurred after *we* deposit in court or pay the amount due under the **Insuring Agreement** of this policy's Liability Coverage;

2. Court costs awarded by the court against an *insured* and resulting from that part of the lawsuit:

   a. that seeks damages payable under this policy's Liability Coverage; and

   b. against which *we* defend an *insured* with attorneys chosen by *us*.

   *We* have no duty to pay court costs incurred after *we* deposit in court or pay the amount due under the **Insuring Agreement** of this policy's Liability Coverage;

©, Copyright, State Farm Mutual Automobile Insurance Company, 2011
6126LN

Case ID: 220901170

3.  Interest the *insured* is legally liable to pay on damages payable under the **Insuring Agreement** of this policy's Liability Coverage:

    a.  before a judgment, but only the interest on the lesser of:

        (1) that part of the damages *we* pay; or

        (2) this policy's applicable Liability Coverage limit; and

    b.  after a judgment.

    *We* have no duty to pay interest that accrues after *we* deposit in court, pay, or offer to pay, the amount due under the **Insuring Agreement** of this policy's Liability Coverage. *We* also have no duty to pay interest that accrues on any damages paid or payable by a party other than the *insured* or *us*;

4.  Premiums for bonds, provided by a company chosen by *us*, required to appeal a decision in a lawsuit against an *insured*. *We* have no duty to:

    a.  pay for any bond with a face amount that exceeds this policy's applicable Liability Coverage limit;

    b.  furnish or apply for any bonds; or

    c.  pay premiums for bonds purchased after *we* deposit in court, pay, or offer to pay, the amount due under the **Insuring Agreement** of this policy's Liability Coverage; and

5.  The following costs and expenses if related to and incurred after a lawsuit has been filed against an *insured*:

    a.  Loss of wages or salary, but not other income, up to $200 for each day an *insured* attends, at *our* request: (1) an arbitration; (2) a mediation; or (3) a trial of a lawsuit; and

    b.  Reasonable expenses incurred by an *insured* at *our* request other than loss of wages, salary, or other income.

    The amount of any of the costs or expenses listed above that are incurred by an *insured* must be reported to *us* before *we* will pay such incurred costs or expenses.

3.  **GENERAL TERMS**

    a.  The following is added to 2. **Where Coverage Applies**:

        Death, Dismemberment and Loss of Sight Coverage applies worldwide.

    b.  The following is added (this replaces item 5.a. of endorsement 6939A.1):

        **Limited Coverage in Mexico**

        This policy does not provide Mexican auto insurance and does not comply with Mexican auto insurance requirements. If *you* or any other *insured* plan to drive in Mexico, then auto insurance providing coverage in Mexico should be purchased from a Mexican insurance company.

        Subject to the above paragraph, the following coverages apply in Mexico, but only for accidents and *losses* that occur in Mexico within 50 miles of the United States of America border and only for *insureds* as defined under each of the following coverages:

        a.  **Liability Coverage**

        b.  **Medical Payments Coverage; Extraordinary Medical Payments Coverage; Loss of Income Coverage; Funeral Benefits Coverage**

        c.  **Physical Damage Coverages**

        Any amount payable for the repair or replacement of the *covered vehicle* under this policy will be limited to the cost to repair or replace the *covered vehicle* in the United States of America.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2011

6126LN

Case ID: 220901170

All other policy provisions not in conflict with the provisions in this **Limited Coverage in Mexico** provision of this policy apply.

c. Item c. of 5. **Premium** is changed to read:

c. The premium for this policy may vary based upon:

(1) the purchase of other products or services from the *State Farm Companies*;

(2) the purchase of products or services from an organization that has entered into an agreement or contract with the *State Farm Companies*. The *State Farm Companies* do not warrant the merchantability, fitness, or quality of any product or service offered or provided by that organization; or

(3) an agreement, concerning the insurance provided by this policy, that the *State Farm Companies* has with an organization of which *you* are a member, employee, subscriber, licensee, or franchisee.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2011
6126LN

Case ID: 220901170

EXHIBIT B

Case ID: 220901170

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

 **StateFarm**®

April 27, 2022

Jonathan Corchnoy
1990 Main St Ste 750
Sarasota FL 34236-8000

**State Farm Claims**
PO Box 106171
Atlanta GA 30348-6171

RE:   Claim Number:       38-09P1-95M
      Date of Loss:       July 27, 2020
      Our Insured:       Barbara Eves
      Your Client(s):       Donald Eves

Dear Mr. Corchnoy:

Thank you for forwarding the declarations sheet from Progressive for the 1985 Honda Rebel motorcycle insured by Donald Eves. As you know, Mr. Eves was operating his motorcycle at the time of the accident and you have presented an uninsured motorist claim under the 1997 Nissan Maxima insured by Barbara Eves. Please be advised the Nissan Maxima provides stacking uninsured motorist coverage in the amount of $15,000 per person and $30,000 per accident. A copy of the declarations and policy booklet will be forwarded to you.

My review of the declarations sheet from Progressive  reflects Mr. Eves rejected uninsured motorist coverage on his policy. Under the "Exclusions- Coverage U", our State Farm policy states,

"THERE IS NO COVERAGE FOR AN INSURED WHO SUSTAINS BODILY INJURY WHILE OCCUPYING A MOTOR VEHICLE OWNED BY THAT INSURED IF THE VEHICLE IS NOT INSURED FOR UNINSURED MOTOR VEHICLE COVERAGE UNDER THIS POLICY OR ANY OTHER POLICY."

Based on the policy language, the uninsured motorist  coverage on Mrs. Eve's policy would not apply to this loss. I would be more than happy to review any additional documentation you provide if you believe coverage does apply. Should Progressive reform their policy to provide uninsured motorist coverage, please contact me and we will review the matter to determine if coverage would apply.

If you have questions or need assistance, call us at (610)361-4909.

38-09P1-95M
Page 2
April 27, 2022

Sincerely,


Barry L Schwartz for Lauren Paez
Claim Specialist
(610)361-4909

State Farm Mutual Automobile Insurance Company

Case ID: 220901170

EXHIBIT C

Case ID: 220901170



Case ID: 220901170



Case ID: 220901170



Case ID: 220901170



Case ID: 220901170

# Exhibit 2

HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH, P.C.
BY: James C. Haggerty, Esquire
I.D. # 30003; 316918
1801 Market Street, Suite 1100
Philadelphia, PA  19103
(267) 350-6600

Filed and Attested by the
Office of Judicial Records
21 Sep 2022 10:26 am
B. MORROW

| | | |
|---|---|---|
| DONALD EVES, INDIVIDUALLY AND | : | COURT OF COMMON PLEAS |
| ON BEHALF OF A CLASS OF | : | OF PHILADELPHIA COUNTY, PA |
| SIMILARLY SITUATED PERSONS | : | |
| 5403 First Avenue West | : | |
| Bradenton, FL  34209 | : | |
| | : | |
| v. | : | SEPTEMBER TERM, 2022 |
| | : | No.     001170 |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY | : | |
| One State Farm Plaza | : | |
| Bloomington, Illinois  61710 | : | |

## CERTIFICATE OF SERVICE OF LEGAL PAPERS
## PURSUANT TO PA R.C.P. 403

I, James C. Haggerty, Esquire, Attorney for Plaintiff, certify that a copy of the Complaint filed on September 14, 2022 was sent to Defendant, State Farm Mutual Automobile Insurance Company at One State Farm Plaza, Bloomington, Illinois  61710 by Certified Mail, Return Receipt Requested on September 14, 2022. The Complaint was received by the defendant on September 19, 2022. A true and correct copy of the letter to State Farm Mutual Automobile Insurance Company and the Certified Mail Return Receipt, Article No.: 7021 0950 0001 5335 3327 with the confirmation from the USPS website is attached hereto as Exhibit A.

HAGGERTY, GOLDBERG, SCHLEIFER
& KUPERSMITH, P.C

DATE:  9/21/22          BY: _____
James C. Haggerty, Esquire
1801 Market Street, Suite 1100
Philadelphia, PA 19103
Attorney for Plaintiff

Case ID: 220901170

EXHIBIT A

Case ID: 220901170



HAGGERTY, GOLDBERG, SCHLEIFER, & KUPERSMITH, P.C.

**James C. Haggerty, Esquire**
HAGGERTY, GOLDBERG, SCHLEIFER, & KUPERSMITH, P.C.
1801 Market Street, Suite 1100
Philadelphia, PA 19103

Phone:   (267) 350 – 6600 ext.142
Fax:        (215) 665 – 8201
Email:     jhaggerty@HGSKLawyers.com

September 14, 2022

Charles J. Schleifer
James C. Haggerty
Terry D. Goldberg
Richard T. Kupersmith
Mark J. Kogan

Ana R. Amarante-Craig *
Renae Axelrod
Beth Bowers *
Matthew D. Colavita *
Scott J. Schleifer *
Jeffrey K. Stanton *
Jason R. Weiss *

Michael Alexanian *
Joseph P. Bradica *
Dennis C. Coyne *
Eileen V. Dooley
Kaitlyn Macaulay
Jared M. Teich *
Timothy Yuncker

Special Counsel
John J. Boichort
Stephen David

Of Counsel
Bruce I. Kogan
Marshall Kresman *

* Member of NJ Bar

State Farm Mutual Automobile Insurance Company
One State Farm Plaza
Bloomington, IL  61710

            Re:     Donald Eves v. State Farm

Dear Sir or Madam:

        Enclosed please find a Civil Action Class Action Complaint relative to the above matter.  This Complaint has been filed in the Court of Common Pleas of Philadelphia County.  Kindly note that you may wish to secure counsel to file a response to same in accordance with the Pennsylvania Rules of Civil Procedure.

        Service of the Complaint is being made by Certified Mail, Return Receipt Requested, pursuant to the Pennsylvania Rules of Civil Procedure and the International Interstate and Service of Process Act, 42 Pa.C.S.A. § 5321.  This service is in compliance with Pennsylvania law.  Please note your obligation to respond to this pleading.

        Very truly yours,

        HAGGERTY, GOLDBERG,
        SCHLEIFER & KUPERSMITH, P.C.

        James C. Haggerty



RN RECEIPT REQUESTED

*Offices throughout Pennsylvania:*

Holland     Kennett Square     Lancaster     Philadelphia     Reading

WWW.HGSKLAWYERS.COM

Case ID: 220901170

# USPS Tracking®

**FAQs**

Remove

Tracking Number:

## 70210950000153353327

Copy     Add to Informed Delivery

## Latest Update

Your item was picked up at a postal facility at 5:49 am on September 19, 2022 in BLOOMINGTON, IL 61710.

### Delivered
Delivered, Individual Picked Up at Postal Facility
BLOOMINGTON, IL 61710
September 19, 2022, 5:49 am

Arrived at Post Office
BLOOMINGTON, IL 61701
September 19, 2022, 4:09 am

Arrived at USPS Regional Facility
BLOOMINGTON IL DISTRIBUTION CENTER
September 16, 2022, 4:35 am

Departed USPS Regional Facility
CHAMPAIGN IL DISTRIBUTION CENTER
September 16, 2022, 3:30 am

Arrived at USPS Regional Facility
CHAMPAIGN IL DISTRIBUTION CENTER
September 16, 2022, 1:29 am

Departed USPS Regional Facility
PHILADELPHIA PA NETWORK DISTRIBUTION CENTER
September 15, 2022, 1:40 am

Feedback

**Case ID: 220901170**

Arrived at USPS Regional Facility

PHILADELPHIA PA NETWORK DISTRIBUTION CENTER
September 15, 2022, 1:37 am

**Hide Tracking History**

---

**Text & Email Updates**

---

**USPS Tracking Plus®**

---

**Product Information**

**See Less**

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

Feedback

FAQs

Case ID: 220901170

**IN THE COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION - CIVIL**

DONALD EVES, as an individual and          :
on behalf of others similarly situated,     :
                   Plaintiff,     :
                           :
   vs.    :
                           :  No.  220901170
STATE FARM MUTUAL AUTOMOBILE    :
INSURANCE COMPANY,    :
               Defendant.    :

Filed and Attested by the
Office of Judicial Records
19 SEP 2022 11:11 am
E. HUERTA

## ENTRY OF APPEARANCE

**TO THE PROTOHNOTARY:**

Kindly enter my appearance as counsel for the Plaintiff, Donald Eves, in the above-captioned matter.

Dated: September 19, 2022          Respectfully Submitted,

                                        */s/ Jonathan Shub*
                                        Jonathan Shub, Esq.
                                        **Shub Law Firm LLC**
                                        134 Kings Hwy. E., 2nd Floor
                                        Haddonfield, NJ 08033
                                        Phone: 856-772-7200
                                        Email: jshub@shublawyers.com

                                        *Attorney for Plaintiff and the Class*

Case ID: 220901170

## **CERTIFICATE OF SERVICE**

I hereby certify that on this September 19, 2022, a copy of the foregoing Entry of Appearance was filed with the Court and served upon all parties of record via the Court's CM/ECF system.

Dated: September 19, 2022                    */s/ Jonathan Shub*_____
                                             Jonathan Shub

# Exhibit 3

Civil Docket Report                    https://fjdefile.phila.gov/efsfjd/zk_fjd_public_qry_03.zp_dktrpt_frames





**Civil Docket Report**

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 220901170 |
| **Case Caption:** | EVES VS STATE FARM MUTUAL AUTOMOBILE INSURANCE COM |
| **Filing Date:** | Wednesday, September 14th, 2022 |
| **Court:** | CLASS ACTION |
| **Location:** | CITY HALL |
| **Jury:** | NON JURY |
| **Case Type:** | CLASS ACTION |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | HAGGERTY, JAMES C |
| **Address:** | 1801 MARKET STREET SUITE 1100 PHILADELPHIA PA 19103 (267)350-6600 jhaggerty@hgsklawyers.com | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | PLAINTIFF | EVES, DONALD |
| **Address:** | 5403 FIRST AVENUE WEST BRADENTON FL 34209 | **Aliases:** | *none* | |
| | | | | |

| 3 | | | DEFENDANT | STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY |
|---|---|---|---|---|
| **Address:** | ONE STATE FARM PLAZA BLOOMINGTON IL 61710 | **Aliases:** | *none* | |
| | | | | |
| 4 | | | TEAM LEADER | DJERASSI, RAMY I |
| **Address:** | ROOM 591 CITY HALL PHILADELPHIA PA 19107 (215)686-7338 | **Aliases:** | *none* | |
| | | | | |
| 5 | 1 | | ATTORNEY FOR PLAINTIFF | SHUB, JONATHAN |
| **Address:** | SHUB LAW FIRM LLC 134 KINGS HIGHWAY E 2ND FLOOR HADDONFIELD NJ 08033 (856)772-7200 jshub@shublawyers.com | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount |
|---|---|---|---|
| 14-SEP-2022 10:15 AM | ACTIVE CASE | | |
| **Docket Entry:** | E-Filing Number: 2209024470 | | |
| | | | |
| 14-SEP-2022 10:15 AM | COMMENCEMENT OF CIVIL ACTION | HAGGERTY, JAMES C | |
| **Documents:** | Click link(s) to preview/purchase the documents  Final Cover | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 14-SEP-2022 10:15 AM | COMPLAINT FILED NOTICE GIVEN | HAGGERTY, JAMES C | |

| Documents: | ⬆ Click link(s) to preview/purchase the documents<br>Complaint against STate Farm to be filed<br>20220909141103340.pdf | 🛒 **Click HERE to purchase all documents**<br>**related to this one docket entry** |
|---|---|---|
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | |

| 14-SEP-2022<br>10:15 AM | WAITING TO LIST CASE MGMT CONF | HAGGERTY, JAMES C | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 19-SEP-2022<br>11:11 AM | ENTRY OF APPEARANCE | SHUB, JONATHAN | |
|---|---|---|---|
| **Documents:** | ⬆ Click link(s) to preview/purchase the documents<br>EOA - JShub (Eves-State Farm) 20220919.pdf | 🛒 **Click HERE to purchase all documents**<br>**related to this one docket entry** | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF JONATHAN SHUB FILED. (FILED ON BEHALF OF DONALD EVES) | | |

| 21-SEP-2022<br>10:26 AM | AFFIDAVIT OF SERVICE FILED | HAGGERTY, JAMES C | |
|---|---|---|---|
| **Documents:** | ⬆ Click link(s) to preview/purchase the documents<br>Affidavit of service upon State Farm<br>20220921102044925.pdf | 🛒 **Click HERE to purchase all documents**<br>**related to this one docket entry** | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY BY CERTIFIED MAIL ON 09/19/2022 FILED. (FILED ON BEHALF OF DONALD EVES) | | |

▶ Case Description    ▶ Related Cases    ▶ Event Schedule    ▶ Case Parties    ▶ Docket Entries

Search Home